■ In the Matter of CARL A. VERGARI, as District Attorney of Westchester County, Respondent-Appellant, v. IRVING B. KENDALL, as City Judge of Mount Vernon, Appellant-Respondent. JAMES ROBINSON et al., Appellants-Respondents.— In a proceeding pursuant to article 78 of the CPLR to prohibit the appellant City Judge of Mount Vernon from directing the petitioner District Attorney to furnish certain particulars and permit certain discovery to certain persons who have been charged with crimes or offenses, namely, Robinson, Thompson and Pietrangelo, (1) said City Judge and said Robinson and Pietrangelo appeal from so much of a judgment of the Supreme Court, Westchester County, dated February 15, 1974, as granted the application in part and (2) petitioner appeals from so much of the judgment as denied the application in part. Judgment insofar as it relates to Robinson and Pietrangelo affirmed insofar as appealed from, without costs (*Matter of Aspland* v. *Judges of County Ct. of County of Suffolk*, 42 A D 2d 930, mot. for lv. to app. den. 33 N Y 2d 515). Appeals insofar as they relate to Thompson dismissed as moot, without costs. Pending the appeals, the charge against Thompson was dismissed. Hopkins, Acting P. J., Cohalan, Brennan, Benjamin and Munder, JJ., concur. [76 Misc 2d 848.]

■ JOSEFA JUSINO, Respondent, v. LEO GREEN, Individually and Doing Business as GRANVERDE REALTY, et al., Appellants.— In a personal injury action, defendants appeal from an order of the Supreme Court, Kings County, dated April 17, 1974, which granted plaintiff's motion to vacate a prior order dismissing the action for failure to serve a complaint. Order reversed, without costs, and motion denied. In our opinion no satisfactory explanation has been offered for plaintiff's failure to serve a complaint more than three years after the demand therefor (*Steuerman* v. *Feinman*, 19 A D 2d 847; *Schwartz* v. *National Fire Ins. Co. of Hartford*, 25 A D 2d 727). Martuscello, Acting P. J., Latham, Christ, Brennan and Benjamin, JJ., concur.

■ NEAL KLEIN, an Infant, by SHULAMIT KLEIN, His Parent and Natural Guardian, et al., Appellants, v. KLM ROYAL DUTCH AIRLINES, Respondent.— In an action to recover damages for personal and property injuries, medical expenses and loss of services, plaintiffs appeal from an order of the Supreme Court, Kings County, dated May 1, 1972, which granted defendant's motion to dismiss the first three causes of action and denied plaintiffs' cross motion for summary judgment on the same causes. Order modified by striking from the first decretal paragraph thereof everything after the words "defendant's motion is granted" and by adding to said paragraph, immediately after said word "granted", the following: "only as to the first cause of action and denied as to the second and third causes." As so modified, order affirmed, with $20 costs and disbursements to appellants. Under the facts as brought out in the affidavits, we believe that the questions concerning the guarding and use of the conveyor belt which caused the injury to the infant plaintiff should be more fully explored at a trial. We agree with Special Term, however, that plaintiffs, having gotten off the aircraft and arrived safely within the terminal, had disembarked within the meaning of article 17 of the Warsaw Convention (49 U. S. Stat. 3014) (cf. *MacDonald* v. *Air Canada*, 439 F. 2d 1402, 1405). Latham, Acting P. J., Shapiro, Cohalan, Brennan and Benjamin, JJ., concur.