■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LORENZO SYKES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Naro, J.), rendered March 16, 1989, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of robbery in the first degree for his participation in the armed robbery of a Far Rockaway grocery store. There were several eyewitnesses to the crime, including the grocery store's manager Peter Crecca. At trial, the court precluded the prosecution from adducing identification testimony from Crecca because the People had failed to provide the defendant with the notice required by CPL 710.30 (1). However, the trial court permitted Crecca to give a limited account of the circumstances surrounding the robbery, and to testify that the defendant was a former employee of the grocery store who had recently been discharged. Contrary to the defendant's contention, the record demonstrates that the prosecutor adhered to the trial court's ruling, and that Crecca's testimony did not serve to "inferentially" identify the defendant as one of the perpetrators. In any event, we note that since the witness and the defendant were known to each other, the pretrial identification procedure conducted by the police was confirmatory in nature, and notice pursuant to CPL 710.30 was not required *(see, People v Tas,* 51 NY2d 915; *People v Cherny,* 179 AD2d 938; *People v Addison,* 174 AD2d 627).

We further reject the defendant's contention that he was deprived of his right to confrontation by the admission of a statement made by his codefendant. It is settled law that "[w]hen an extrajudicial statement by one defendant contains incriminating references to another defendant, admission of that statement upon their joint trial deprives the nonconfessing defendant of his right to confront the witness against him unless that witness also testifies at the joint trial" *(People v Hussain,* 165 AD2d 538, 541, relying upon *Bruton v United States,* 391 US 123). In this case, however, the codefendant's statement contained only a single reference to the defendant, which did not implicate him in the commission of the robbery.

Accordingly, the admission of the codefendant's statement did not violate the defendant's constitutional right to confront his accusers *(cf., People v Hussain, supra)*. Bracken, J. P., Lawrence, Eiber and Santucci, JJ., concur.