*759 OPINION OF THE COURT
Frank J. Barbaro, J.
This case raises an apparent issue of first impression: whether petitioner, prior to a hearing at which he is expected, to challenge extradition on the ground that he was not present in the demanding State at the time of the alleged crime, is statutorily, or should otherwise be, required to disclose the names and addresses of the alibi witnesses he expects to call at that hearing? For the reasons set forth below, this court answers this question in the negative.
Alfonso Nelson, also known as Starwell Nelson, has been charged in Virginia with murder and a firearm offense in connection with the December 10, 1999 shooting of one Charles Satterfield. In late March 2000, Virginia authorities initiated proceedings to extradite petitioner from Kings County, where petitioner was under arrest. On May 23, 2000, New York Governor Pataki issued a warrant directing petitioner’s extradition. On July 6, 2000, petitioner filed this application for a writ of habeas corpus pursuant to CPL 570.24, contesting the validity of the warrant on grounds (1) that the extradition documents on their face are not in order; (2) that petitioner is not the person named in the request for extradition; and (3) that petitioner is not a fugitive.
At a proceeding before this court on July 19, 2000, respondent conceded that a hearing was necessary to resolve these issues. The District Attorney’s Office, representing the respondent, then argued that it was entitled under CPL 250.20 to prehearing notice of any alibi witnesses the petitioner intends to present at the hearing. Defense counsel refused to provide such notice, arguing that CPL 250.20 is not applicable to this situation. Decision on this issue was reserved to permit the parties to submit authority for their positions.
Having reviewed the cases submitted by the prosecution, this court concurs with petitioner’s view that there is no statutory requirement that petitioner disclose the names and addresses of alibi witnesses prior to the hearing. There are only limited instances in which the prosecution has a statutory right to discovery on demand; the only statute relevant to this discussion is CPL 250.20. That statute provides a detailed scheme through which the prosecution can demand a “notice of alibi” from the defendant, with a timetable geared to significant dates in a criminal prosecution. Specifically, the statute provides that the prosecution must serve its demand “not more *760 than twenty days after arraignment,” that defendant must respond by serving its notice of alibi “within eight days of service of such demand” (CPL 250.20 [1]), and that the prosecution must provide reciprocal discovery “[w]ithin a reasonable time after receipt of the defendant’s witness list but not later than ten days before trial.” (CPL 250.20 [2].)
The plain meaning of the provisions of this statute limits its applicability to criminal prosecutions in New York State courts. Respondents have not submitted, and this court’s independent research has not uncovered, any case in which this notice of alibi requirement has been extended beyond this context, much less to an extradition proceeding. This court therefore declines the respondent’s invitation to extend dramatically the reach of CPL 250.20.
Of course, the fact that the District Attorney’s Office is not statutorily entitled to disclosure of the names and addresses of the petitioner’s witnesses does not preclude a motion requesting that a trial court grant disclosure in the exercise of its discretion (cf., People v Miller, 106 AD2d 787, 788 [3d Dept 1984]). The District Attorney’s Office has submitted several cases which support the proposition that trial courts have the discretion to direct the prosecution to disclose the names and addresses of their witnesses. Although this court can recall instances in which prosecutors in this county have disagreed with this proposition, it appears to be well settled. While the Court of Appeals has not ruled whether such discovery may be had in the trial court’s discretion, both the First and Third Departments have ruled that it is within a Trial Judge’s discretion to grant a pretrial defense request for the names and addresses of prosecution witnesses (People v Rivera, 119 AD2d 517, 519 [1st Dept 1986]; People v Miller, supra, at 788). The Second Department has not ruled on this issue, but has refused to prohibit Trial Judges from granting this disclosure (People v Arrellano, 150 Misc 2d 574, 575 [Crim Ct, Kings County 1991], citing Matter of Vergari v Kendall, 76 Misc 2d 848 [Sup Ct, Westchester County], affd 46 AD2d 679 [2d Dept 1974]). Moreover, at least three Trial Judges in the Second Department— two from this county — have adopted the view held by the First and Third Departments (see, People v Arrellano, supra; People v Bianco, 169 Misc 2d 127 [Crim Ct, Kings County 1996]; People v Minor, 118 Misc 2d 351 [County Ct, Westchester County 1983]).
However, none of the cases cited by the prosecution hold that a trial court has discretion to direct a defendant to dis *761 close the same information. This appears to be an open question. In People v Arrellano (supra), Justice Cross held that it was within a Trial Judge’s discretion to grant a defense motion of pretrial disclosure of the names and addresses of prosecution witnesses, but then noted: “The People have not moved for discovery of the names, addresses and dates of birth of the civilian witnesses who may be called by the defense. I leave for another day the questions of whether the considerations spelled out in this opinion may apply also to such discovery, whether, if they do so apply, the defense must first move for such discovery before reciprocal discovery can be ordered and whether the Fifth or Sixth Amendment impacts on such a motion for discovery.” (Supra, at 582.)
This case squarely raises the issue which was left open in Arrellano (supra), albeit in the limited context of an extradition proceeding. In deciding this issue, this court is guided by the principle that trial courts have inherent authority, consistent with constitutional constraints, to develop rules governing discovery, in the absence of express legislation authorizing or prohibiting discovery, which enhance the search for truth, reduce gamesmanship by minimizing secrecy and surprise at trial and promote the efficiency of, and otherwise expedite, pretrial procedures (see, People v Atwood, 101 Misc 2d 291 [Sup Ct, NY County 1979]). Accordingly, this court will examine (1) whether there is any statutory impediment to granting the discovery the District Attorney requests; (2) whether there are constitutional constraints on granting such discovery; and (3) whether granting such discovery furthers the goals of enhancing the search for truth, reducing gamesmanship and promoting efficiency in the courts.
First, there is no legislation governing discovery in extradition proceedings. The Uniform Criminal Extradition Act, codified in CPL article 570, does not contain any provisions relating to discovery. Moreover, as previously discussed, the provisions of CPL 250.20 and other sections of the CPL drafted to govern discovery in State criminal proceedings do not expressly authorize or prohibit the discovery sought in this case.
Second, the Constitution does not prohibit pretrial discovery of the names and addresses of defense witnesses, provided that the defendant enjoys reciprocal discovery against the State. In Williams v Florida (399 US 78 [1970]), the Supreme Court rejected a Fifth Amendment challenge to a “notice of alibi” law similar to that set forth in CPL 250.20. The Supreme Court *762 noted: “At most, the [notice of alibi] rule only compelled petitioner to accelerate the timing of his disclosure, forcing him to divulge at an earlier date information that the petitioner from the beginning planned to divulge at trial. Nothing in the Fifth Amendment privilege entitles a defendant as a matter of constitutional right to await the end of the State’s case before announcing the nature of his defense, any more than it entitles him to await the jury’s verdict on the State’s case-in-chief before deciding whether or not to take the stand himself.” {Id., at 85.) Three years later, in Wardius v Oregon (412 US 470 [1973]), the Supreme Court held that the Due Process Clause of the Fourteenth Amendment did not preclude enforcement of “notice of alibi” rules either, provided that reciprocal discovery rights were given to defendants. In addition, both Williams and Wardius make clear that, if provisions are made for reciprocal discovery, there is no constitutional impediment to granting such discovery on the prosecution’s motion, rather than as reciprocal discovery following a defendant’s request for the names and addresses of prosecution witnesses.
While this court therefore concludes that neither statutory nor constitutional constraints prohibit this court from granting the discovery the District Attorney seeks in this case, this court concludes that such discovery would not promote the goals of enhancing the search for truth, reducing gamesmanship and promoting efficiency in the courts. This conclusion flows from the recognition that extradition proceedings are fundamentally different from trial proceedings. As the Supreme Court has stated: “[E]xtradition proceedings are ‘to be kept within narrow bounds’; they are ‘emphatically’ not the appropriate time or place for entertaining defenses or determining the guilt or innocence of the charged party * * * Those inquiries are left to the prosecutorial authorities of the demanding State * * * The court of the asylum states may do no more than ascertain whether the requisites of the Extradition Act have been met * * * [T]he Act leaves only four issues open for consideration before the fugitive is delivered up: ‘(a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive.’ ” (California v Superior Ct. of Cal., 482 US 400, 407-408 [1987].) When a petitioner raises the issues set forth as items (c) and (d) above by claiming that he was not present in the demanding State at the time of the alleged *763 crime, respondents do not have the burden — as. they would at trial — of disproving that claim beyond a reasonable doubt. “An alibi defense is not to be tried out on habeas corpus attacking extradition” (People ex rel. Hervey v Oslwyn, 51 AD2d 519 [1st Dept 1976], citing Munsey v Clough, 196 US 364 [1905]). Rather, the burden is on petitioner to prove by clear and convincing evidence that he was not in the demanding State at the time (People ex rel. Hervey v Oslwyn, supra, citing People ex rel. Harris v Warden, 42 AD2d 549 [1st Dept 1973]).
Granting discovery of the names and addresses of alibi witnesses in extradition cases would not only result in a minitrial of the alibi defense, but would also promote gamesmanship at the expense of the search for the truth and would be inefficient. Rather than simply asking their counterparts in Virginia to provide some admissible proof of petitioner’s involvement in the alleged crime, the District Attorney’s Office is apparently proposing to investigate, at New York taxpayer’s expense, the bona tides of petitioner’s alibi. Assuming the investigation is at all fruitful, it will generate evidence to refute the alibi and will result in the very sort of minitrial of the alibi defense which is forbidden under Munsey v Clough (supra). Moreover, even if the prosecution can cast doubt on the defense so as to prevent petitioner from meeting his burden, this will not resolve the issue of whether petitioner is in fact the person named in the extradition warrant. To satisfy this court on that issue, respondents will inevitably need to present some admissible proof that petitioner has been identified as the shooter. Since such proof would likely defeat any attempt to establish by clear and convincing evidence that petitioner was not in Virginia at the time of the alleged shooting, there is no need for extensive investigation of petitioner’s alibi at this stage.
Granting discovery under these circumstances would promote inefficiency and gamesmanship and would not further the search for the truth. First, it would lead to unnecessary delays in this extradition proceeding and would embroil New York in conducting an investigation which, by rights, ought to be conducted at Virginia’s expense. Moreover, such investigation may be wholly unwarranted; petitioner’s direct case may not even be sufficient to surmount the formidable “clear and convincing” standard.
Second, it would further unbalance the already inequitable balance of power between the government and a criminal defendant, since the resources of two State governments would be involved in investigating the alibi. In any event, Virginia *764 would learn of the defense much earlier than they otherwise would and, if the New York investigation was successful in disproving the alibi, would not have to simultaneously disclose any details regarding its own case. If discovery is denied, on the other hand, both parties will be afforded the same degree of insight into the other’s case at approximately the same time.
Third, and most importantly, granting discovery would not further the search for the truth. Albeit unlikely, it is possible that petitioner is the wrong man. If he is, the court and the prosecution alike should be concerned that this confusion be resolved and petitioner be released as soon as possible. If discovery enables the District Attorney’s Office to win the extradition hearing by merely casting doubt on the petitioner’s alibi defense (and this court assumes that is respondent’s goal in seeking discovery), there will remain the distinct and uncomfortable possibility that petitioner is the wrong man, but simply unable to prove it by clear and convincing evidence.
Conclusion
For the reasons set forth above, respondent’s motion for disclosure of the names and addresses of petitioner’s alibi witnesses is denied.