OPINION OF THE COURT
William E. Garnett, J.
*663 Pursuant to the Uniform Criminal Extradition Act, incorporated in CPL article 570, the State of West Virginia made a demand for the return of the accused. The accused was wanted on charges of attempted murder, malicious assault and wanton endangerment involving a firearm. The accused did not waive extradition and thus the formal extradition process outlined in CPL article 570 was implemented.
At his arraignment, the accused was held without bail for a period not in excess of 30 days. (CPL 570.36.) The fugitive’s case was adjourned for an additional two court dates and he was also continued in remand status for a period not in excess of an aggregate of 60 days for the Governor’s warrant. (CPL 570.40. )
CPL 570.36 and 570.40, in combination, permit a fugitive’s detention without bail for a period not in excess of 90 days. The statutes allow detention for “a time not exceeding thirty days” and “for a further period of sixty days, or further periods not to exceed in the aggregate sixty days,” respectively. Neither statute explicitly provides for the exclusion of any Saturdays, Sundays or holidays.
In this case, the 90th day fell on a Sunday. The case had been calendared for the preceding Friday, the 88th day. On that Friday, the District Attorney had not yet received the Governor’s warrant from the extradition secretary. The prosecution requested that the case be adjourned to the following Monday as the District Attorney had been informed that the warrant was forthcoming. The defense objected and moved for the release of the accused as the 90-day period would expire on Sunday. The defense averred that the court should apply the statutory rule mandated by CPL 170.70 and 180.80 that, where the critical day or time falls on a Sunday, the critical day or time relates back to the last business day.
Unlike CPL 170.70 and 180.80, CPL 570.36 and 570.40 do not specifically treat with weekends and holidays. These statutes define time by days and are similar in language to the speedy trial parameters in CPL 30.30. That statute requires dismissal if the People do not announce trial readiness within various time periods defined by days. This statute, as CPL 570.36 and 570.40, does not indicate how holidays or weekends are to be calculated.
General Construction Law § 25-a (1) provides that “When any period of time . . . within which or after which or before which an act is authorized or required to be done, ends on a *664 Saturday, Sunday or a public holiday, such act may be done on the next succeeding business day . . . .” This general statute has been applied in the context of speedy trial litigation. In People v Powell (179 Misc 2d 1047, 1048 [App Term, 2d Dept 1999]), the court ruled that where the 90th day falls on a Sunday, the prosecution has until the next business day to announce trial readiness. The court found General Construction Law § 25-a (1) applicable to “every statute subsequently enacted, unless the wording of said statute plainly expresses a contrary intent.” (Id.) The absence of any statutory language in CPL 30.30 concerning the significance of holidays and weekends negates any legislative intent to take this statute outside the ambit of General Construction Law § 25-a (1).
Similarly, in this case, the Legislature’s failure to address the treatment of holidays and weekends in CPL 570.36 and 570.40 necessarily precludes a finding of a legislative intent to render inapplicable General Construction Law § 25-a (1) to these statutes. The general language in these statutes stands in stark contrast to the explicit provisions for weekends and holidays contained in CPL 170.70 and 180.80. Thus, just as General Construction Law § 25-a (1) was the vehicle to interpret CPL 30.30, this statute is equally applicable to a proper construction of the 30- and 60-day provisions contained in CPL 570.36 and 570.40, respectively.
Therefore, in this case, as the 90th day for the presentation of the Governor’s warrant fell on a Sunday, the prosecution had until Monday, the next business day, to submit the warrant and thus comply with the time restrictions of CPL 570.36 and 570.40.
For the foregoing reasons, the defense motion to release the defendant is denied.