Matter of D.P. (2007 NY Slip Op 51842(U))

[*1]

Matter of D.P.

2007 NY Slip Op 51842(U) [17 Misc 3d 1106(A)]

Decided on September 26, 2007

Family Court, Nassau County

Lawrence, J.

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 26, 2007

Family Court, Nassau County
In the Matter of D.P., A
Person Alleged to be a Juvenile Delinquent, Respondent.
xx/07

Joanne Curran, Esq.
Deputy County Attorney - Family Court Bureau
Attorney for the Presentment Agency
Sandra Stines, Esq.
Attorney for Respondent

Richard S. Lawrence, J.
The Respondent has been charged with the following acts, which if he were sixteen years of
age, would be:
Assault in the Third Degree,
§120.00 (1) of the Penal Law, an A Misdemeanor; and
Attempted Assault in the Third Degree,
§110/1200.00 (1) of the Penal Law, a B Misdemeanor.
The Respondent now moves this Court by way of notice of omnibus motion for the
following Orders:
1. Dismissal of the petition in furtherance of justice pursuant to Family Court
Act§315.2; and
2. Dismissal of the petition because the initial appearance after its filing was untimely
under Family Court Act §320.2 (1); and
3. Dismissal of the petition for insufficiency pursuant to Family Court Act §311.3; and
[*2]
4. Precluding the Presentment Agency from introducing
identification evidence ofRespondent due to the failure of the Presentment Agency to serve
notice pursuant to Criminal Procedure Law §710.30; and
5. Granting Respondent discovery pursuant to Family Court Act §331.3; and
6. For such other and further relief this Court deems just and proper.
Motion to Dismiss in Furtherance of Justice
The Respondent first argues that the petition should be dismissed in the interest of justice.
While not "minimizing" the seriousness of the crimes charged, the Respondent stresses that this
was a "fight" that occurred immediately after school dismissal. No weapons were used, this
incident was not related to gang activity, and the altercation was not "planned." The Respondent's
parents have "punished" him by removing his home "privileges." The Respon-dent attends
counseling, where he has addressed this fight. The Respondent has never been "in trouble" before
with the law. As such, there is no need to address the protection of the com-munity. According to
the Respondent, the extent of the harm to the victim was a bruised eye. The Respondent was
twelve years old and the victim was fourteen years old at the time this event occurred: how
"serious" was this incident?
The Presentment Agency counters that the Respondent has not produced any evidence in
support of dismissal. According to the Presentment Agency, the time and place of the
alterca-tion, the Respondent's young age, the fact that a weapon was not involved, the lack of
gang-affiliation, or that it was not pre-planned, do not trigger dismissal. Rather, these are relevant
considerations for the dispositional phase of this proceeding. The Presentment Agency finally
requests that this Court reserve any decision with regard to a justification defense until such time
as the fact-finding hearing has been held.
Family Court Act § 315.2 (1), headed "Motion to dismiss in furtherance of justice,"
provides:
A petition or any part or count thereof may at any time be dismissed in furtherance of justice
when, even though there may be no basis for dismissal as a matter of law, such dismissal is
required as a matter of judicial discretion by the existence of some compelling further
consideration or circumstances clearly demonstrating that a finding of delinquency or continued
proceedings would constitute or result in injustice. In determining whether such compelling
further consideration or circumstances exist, the
[*3]
court shall, to the extent applicable, examine and consider, individually and
collectively, the following:

(a) the seriousness and circumstances of the crime;

(b) the extent of harm caused by the crime; 

(c) any exceptionally serious misconduct of law enforcement personnel in the investigation and
arrest of the respondent or in the presentment of the petition;

(d) the history, character and condition of the respondent;

(e) the needs and best interest of the respondent;

(f) the need for protection of the community; and

(g) any other relevant fact indicating that a finding would serve no useful
purpose.
It is significant that this statute mandates a court to consider
and discuss these seven factors in dismissing a juvenile delinquency petition in the interest of
justice. See In the Matter of Chris H., 186 AD2d 739 (2nd Dept. 1992) and In the
Matter of Kwane M., 121 AD2d 635, 636 (2nd Dept. 1986). At least one of these factors
must be "readily identifiable and suffi-ciently compelling to support the dismissal." In the
Matter of Reginald V., 139 AD2d 580, 581 (2nd Dept. 1988).
It appears that reported case law in this area is limited. Coincidentally, this Court, In the
Matter of L.M., 13 Misc 3d 1218A (Fam Ct of New York, Nassau Cty, Lawrence, J. 2006)
previously reviewed the circumstances under which a juvenile delinquency petition may be
dis-missed in the interest of justice. The analysis provided in that case is instructive to the instant
matter and the case law discussed therein will be reviewed.
First, In the Matter of L.M., supra, the Respondent pled guilty to attempted
arson and was sentenced to forty-five days incarceration, five years probation, and restitution.
The Respondent's motion to dismiss in the interest of justice was denied. This Court found that
the Respondent had a propensity for violence, in that he previously admitted, as an adult in
County Court, to attempted arson. Further, there were two petitions pending involving the same
types of acts of arson, upon two different dates. In denying the motion, this Court determined:

As set forth in the first paragraph of this statute, a dismissal in furtherance of
justice must show "the existence of some compelling further consideration or
circumstances
[*4]
clearly
demonstrating that a finding of delinquency or continued proceedings would constitute or result
in injustice." In addition, the statute continues that "the court shall, to the extent
applicable, examine and consider, individually and collectively" (emphasis supplied), all seven of
the elements set forth in the statute. Id. at 12.
At least one of
these factors "must be readily identifiable and sufficiently compelling to support the dismissal
(citation omitted)." This Court finds that not one of these factors
meets that
standard in the instant matter.Id. at 12-13.
This Court found no compelling reason or circumstance based on the facts of the case to
grant the Respondent's motion. With this in mind, the relevant cases discussed In the Matter
of L.M., supra, will now be examined.
In the Matter of Kwane M., 121 AD2d 635 (2nd Dept. 1986), the family court
granted the respondent's motion to dismiss the petition in furtherance of justice pursuant to
Family Court Act §315.2, on the grounds that he was currently in placement, and that he
was no longer a threat to the community. However, there were two petitions pending against the
respondent, where he admitted to one and was placed, and he moved to dismiss the second
petition. The appellate court reversed the family court, holding that a

delinquency petition may be dismissed in the furtherance of justice upon the court's
consideration of the statutory factors...At least one of the factors must be readily identifiable and
sufficiently compelling to support the dismissal....Although the community may be adequately
protected from a juvenile at the point in time that the petition is dismissed, this, by itself, is not
sufficiently compelling to support a rule requiring the per se dismissal of a second petition. The
respondent shows a propensity towards violent behavior. In light of this, a fact-finding hearing
must be held so that the protection of the community is ensured and the respondent's placement
needs are explored.Id. at 636.
In the
Matter of Carlief V., 121 AD2d 640 (2nd Dept. 1986), the respondent also moved to dismiss
a second petition, based on the fact that he was already placed upon the first petition and was not
a threat to the community. The family court granted the motion to dismiss. The appellate division
instead held that the respondent's behavior showed a trend in which his propensity towards
violence escalated. Although the respondent's family history was a sad one, and had contributed
toward the respondent's criminal propensities, this should have been evaluated in connection with
the second petition to determine the respondent's placement needs. Id. at 641.
In contrast, In the Matter of Tristan C., 156 Misc 2d 1007 (Fam Ct of New York,
Kings Cty, 1993), the family court granted a motion to dismiss in the interests of justice. In that
case, the respondent, a ten year old child, was charged with manslaughter in the second degree,
criminally negligent homicide, criminal possession of a weapon in the fourth degree, and related
lesser included offenses. The respondent accidently shot and killed his best friend and cousin.
The respondent moved prior to the fact-finding, to dismiss the petition in the interest of justice.
The motion was granted by the family court. In that case, the facts of which are certainly tragic,
the court held that its
discretionary authority to dismiss a juvenile delinquency proceeding in furtherance of
justice is rarely invoked. Such action must follow consideration of identified statutory
criteria and is limited to the rare' and unusual' case where it cries out for fundamental
justice beyond the confines of conventional considerations.' Id. at 1010.

In the present case, a court concludes that such "rare" and "unusual" circumstances
exist, and that the continuation of this proceeding against Tristan would work a substantial
injustice.... Id. at 1010.
Nothing in this decision is intended to
diminish the tragedy of Shamel's death and the profound loss his family has suffered.
Nonetheless and even assuming that [the respondent] could be found to have engaged in
delinquent behavior, the court's primary goals are to facilitate Tristan's rehabilitation and to
safeguard the community's need for protection. Unlike the criminal protection of adults, neither
retribution nor punishment is a legitimate premise for the court's disposition. Id. at
1010-1011.
Here, the evidence before the court establishes that
Tristan would be damaged by having to participate in a fact-finding and then a dispositional
hearing. Id. at 1011.
Finally, it cannot be argued that Tristan
is-or ever was- a danger to the community. Nothing in the reports already presented shows that
he had any prior involvement with the law, or that he has a propensity toward violence or
delinquent behavior. Id. at 1011.
In consideration of the above, it is
apparent that there must be some compelling circum-stance that shows a finding of delinquency
or a continued proceeding would constitute or result in injustice. That, however, has not been
demonstrated in this case. It is irrelevant that the alleged crime took place after school, that no
weapon was used, or that this was not gang-related. Indeed, many of the cases that this Court
hears deal with "after-school violence." It also does [*5]not
matter that this child has never been "in trouble" with the police before, as he was only twelve
years old when the incident occurred. The fact that the Respondent attends
counseling is certainly commendable and his argument that this act may have
occurred as self-defense may surely be asserted at the time of the fact-finding hearing. And, all of
the arguments made by the Respondent may be raised at the time of disposition.
While it is this Court's goal in all of its cases to evaluate the needs of a youngster and to help
facilitate access to whatever assistance he needs, this is simply not a case that warrants dismissal
in the interest of justice. Sufficiently compelling factors to warrant dismissal of the petition have
not been set forth. A dismissal in the interest of justice here would not satisfy even one of the
specific factors set forth in the Family Court Act. The motion to dismiss in the interest of justice
is therefore denied.
Motion to Dismiss due to untimely filing of the petition
The Respondent next argues that the petition be dismissed, as the initial appearance after the
filing of the petition was untimely, under Family Court Act §320.2 (1).
Family Court Act §320.2 (1) provides that if a Respondent is not detained (as in this
case), the initial appearance shall be held as soon as practicable, and absent good cause,
within ten days after the petition is filed (emphasis added). This statute does not state
whether the filing date is to be included or excluded in calculating this time period. It also does
not provide a "formula" if the tenth day falls on a weekend or a holiday. As this statute is silent
on this question, this Court has conducted its own research, which has not yielded any applicable
authority.
This petition was filed June 25, 2007. The initial appearance was July 5, 2007. According to
the Respondent, the tenth day for purposes of Family Court Act §320.2 (1) was July 4,
2007, which was a federal and state holiday, when this Court was "closed."
As the Family Court Act does not provide guidance on this issue, it is appropriate to review
the General Construction Law in this regard.[FN1]
[*6]
General Construction Law § 20, headed "Day, computation,"
states:
A number of days specified as a period from a certain day
within which or after or before which an act is authorized or required to be done means such
number of calendar days exclusive of the calendar day from which the reckoning is made
(emphasis added). If such period is a period of two days, Saturday, Sunday or a public holiday
must be excluded from the reckoning if it is an intervening day between the day from which the
reckoning is made and the last day of the period. In computing any specified period of time from
a specified event, the day upon which the event happens is deemed the day from which the
reckoning is made. The day from which any specified period of time is reckoned shall be
excluded in making the reckoning.
According to this statute, the date that the petition was filed, June 25, 2007,
should not be counted in the ten day period. As such, the tenth day is July 5, 2007, which was the
date of the initial appearance.
Further, this Court also notes that General Construction Law § 25-a (1), headed, "Public
holiday, Saturday or Sunday in statutes; extension of time where performance of act is due on
Saturday, Sunday or public holiday," provides:
When any period of time, computed from a certain day, within which or after which orbefore
which an act is authorized or required to be done, ends on a Saturday, Sunday or a public holiday,
such act may be done on the next succeeding business day and if the period ends at a specified
hour, such act may be done at or before the same hour of such next succeeding business day,
except that where a period of time specified by contract ends on a Saturday, Sunday or a public
holiday, the extension of such period is governed by section twenty-five of this chapter.
Accordingly, even if this Court were to count the date the petition was filed in calculat-ing
the ten days, the tenth day would have fallen on July 4, which was again a date the court was
closed due to the federal and state holiday. The next appropriate day, under this statute, is
July 5, which was the date of the initial appearance. [FN2]
[*7]
Thus, this Court finds that the initial appearance in this
matter was timely and the petition will not be dismissed for that reason. [FN3]
Dismissal of the petition for insufficiency pursuant to Family Court Act §311.3
The Respondent contends that the petition should be dismissed pursuant to Family Court Act
§311.2(3) as facially insufficient. The Respondent alleges that the supporting depositions do
not show that the Respondent committed the crimes charged for two reasons. First, in the
depo-sition dated March 14, 2007, the victim states that "the male black is unknown to me."
Second, in the deposition dated April 26, 2007, the victim states that the individual who punched
him is "Devaun;" and the Respondent's name is spelled, "Devon."
Family Court Act § 311.2 (3), headed, "Sufficiency of petition," provides that a juvenile
delinquency petition is sufficient on its face when non-hearsay allegations of the factual part of
the petition or of any supporting depositions establish, if true, every element of each crime
charged and the respondent's commission thereof.
In order for the Presentment Agency to establish a prima facie case, the
non-hearsay allegations in the petition must be viewed in the light most favorable to the
Presentment Agency, and in doing so, the allegations if accepted as true must support each and
every element of the crime charged. As this is a jurisdictional requirement, dismissal of one or
more of the charges is required if the allegations in the petition do not meet this standard.
Matter of Jahron S. 79 NY2d 632 (1992).
As previously stated, annexed to the petition are two depositions sworn to by the
com-plaining witness. The first, dated March 14, 2007, states that he was "approached by a male
black, in his teens, approximately 5'8", dark skinned, wearing an orange and black jacket, and
punched me with a closed fist in my right eye, causing bruising, swelling and substantial pain.
The male black identity is unknown to me...." The second deposition is dated May 16, 2007 and
states that at the time of the March 14, 2007 alleged assault, the victim did not know
Respondent's name, but now knows the Respondent to be "Devaun."
[*8]
Contrary to the Presentment Agency's argument, the
Respondent does not state that the petition should be dismissed because it contains non-hearsay
statements. The Respondent contends that the petition should be dismissed because the victim
did not know the Respon-dent's name the first or second time he was "deposed."
Notwithstanding, it is this Court's opinion that the allegations contained within the
depositions are sufficient to defeat a motion to dismiss. Taking into consideration the above
statute and construing the allegations in the most favorable light to the Presentment Agency, this
Court finds that these are non-hearsay allegations which sufficiently allege the crimes charged.
Accordingly, this branch of the motion is denied.
Preclusion of Identification Evidence
The Respondent states that he accepts the victim's identification as confirmatory and does
not request a Wade hearing. However, the Respondent now moves to preclude this identification,
arguing that the Presentment Agency failed to give notice of this confirmatory identification 15
days after the initial appearance pursuant to Criminal Procedure Law § 710.30.
The Presentment Agency maintains that the Respondent is not entitled to such notice,
because there was no action initiated by the police department, and the identification was not
police arranged. According to the Presentment Agency, the complaining witness subsequently
learned the name of the Respondent, and so informed the Nassau County Police.
Criminal Procedure Law § 710.30 headed, "Motion to suppress evidence; notice to
defendant of intention to offer evidence" states:

1. Whenever the people intend to offer at a trial (a) evidence of a statement made
by a defendant to a public servant, which statement if involuntarily made would render the
evidence thereof suppressible upon motion pursuant to subdivision three of section 710.20, or (b)
testimony regarding an observation of the defendant either at the time or place of the commission
of the offense or upon some other occasion relevant to the case, to be given by a witness who has
previously identified him as such, they must serve upon the defendant a notice of such intention,
specifying the evidence intended to be offered.
2. Such notice must be served within fifteen days after arraignment
and before trial, and upon such service the defendant must be accorded reasonable opportunity to
move before trial, pursuant to subdivision one of section 710.40, to suppress the specified
evidence. For good cause shown, however, the court may permit the people to serve such notice,
thereafter and in such case it must accord the defendant reasonable opportunity thereafter to
make a suppression motion.
[*9]
3. In the absence of service of
notice upon a defendant as prescribed in this section, no evidence of a kind specified in
subdivision one may be received against him upon trial unless he has, despite the lack of such
notice, moved to suppress such evidence and such motion has been denied and the evidence
thereby rendered admissible as prescribed in subdivision two of section
710.70.
The two categories for the notice requirement under this statute are
prior incriminating statements and prior identification of the defendant in a police or prosecution
arranged opportunity for a witness to make the identification. Preiser, Practice Commentaries,
McKinney's Cons Laws of NY, Book 11A, Criminal Procedure Law § 710.30 at 218.
However, notice is not required when identification is not at issue, or in a case where a prior
identification procedure could have been the basis for the witness's ability to identify the
defendant. Preiser, supra, at 222.
Thus, the notice requirement does not apply where the out of court identification is only
confirmatory. For example, in People v. Tas, 51 NY2d 915 (1980), orders of the
appellate division and the trial court were affirmed, as the trial court correctly denied the
defendants' motion to preclude evidence relating to the victim's identification of the defendants
as his assailants, on the ground that the People had failed to give notice to defense counsel prior
to its use. As the appellate division noted, the victim and the defendants were inmates in the
same tier of cells for a period prior to the attack of at least one month and, although the victim
may not have known their particular names, he was familiar with the defendants as individuals.
Compare People v. Sykes, 181 AD2d 805 (2nd Dept. 1992) where a witness and a
defendant were known to each other, and the pre-trial identification conducted by the police was
confirmatory in nature; notice to defendant to offer evidence was not required. See also
People v. Kershaw, 256 AD2d 590 (2nd Dept. 1998).
The Respondent points to a lower court case, People v. Naranjo, 140 Misc 2d 43
(Sup Ct of New York, New York Cty, 1988), which although not binding, will be reviewed. In
that case, the defendant filed a motion pursuant to Criminal Procedure Law § 710.30, to
preclude the identification testimony of the undercover police officer to whom it was alleged he
sold heroin. The motion was based on the People's failure to serve identification evidence within
15 days of the arraignment and the defendant did not concede that the viewing was
confirmatory (emphasis added). The court held that the prosecutor's characterization of an
identification procedure as "confirmatory" does not relieve the People of their obligation to
provide notice. The question is one of law and fact, to be decided by the court pursuant CPL
710.60 upon a motion by defen-dant to suppress. Id. at 44-45.
However, the difference between Naranjo and the instant case is that in the matter at
bar, [*10]the Respondent has admitted that the identification was
confirmatory.
Even if the identification was not confirmatory in this case, the Respondent has already
conceded such in his papers (and the Court need not address that issue), and notice is not
required under the above cases. [FN4]
Granting Respondent discovery pursuant to Family Court Act §331.3
The Respondent next requests that this Court issue an Order granting discovery pursuant to
Family Court Act §331.3. Family Court Act § 331.3(1) specifically applies, and
provides that:

Upon motion of respondent the court, (a) must order discovery as to any material
not disclosed upon a demand pursuant to section 331.2, if it finds that the presentment agency's
refusal to disclose such material is not justified; (b) must, unless it is satisfied that the
presentment agency has shown good cause why such an order should not
be
issued, order discovery or any other order authorized by
subdivision one of section 331.6 as to any material not disclosed upon demand pursuant to
section 331.2 where the presentment agency has failed to serve a timely written refusal pursuant
to subdivision six of section 331.2; and (c) may order discovery with respect to any other
property which the presentment agency intends to introduce at the fact-finding hearing, upon a
showing by the respondent that discovery with respect to such property is material to the
preparation of his defense, and that the request is reasonable. Upon granting the motion pursuant
to paragraph (c) hereof, the court shall, upon motion of the presentment agency showing such to
be material to the preparation of its case and that the request is reasonable, condition its order of
discovery by further directing discovery by the presentment agency of property, of the same kind
or character as that authorized to be inspected by the respondent which he intends to introduce at
the fact-finding hearing.
A demand for discovery must be served
pursuant to Family Court Act §331.2 prior to requesting court ordered discovery under the
above statute. In this case, the Respondent has correctly com-plied with the statute and served
such a demand to produce, which is annexed to Respondent's papers.
[*11]
The Respondent first requests a court order compelling
the Presentment Agency to respond to "question number 2" of the demand, which is production
of:
Any written report or document concerning a physical or mental examination, or
scientific experiment, relating to this case which was made by or at the request of
a public servant engaged in law enforcement activity or which was made by a person
whom the county attorney intends to call as a witness at fact finding or disposition
hearing, or which the county attorney intends to introduce at fact finding or
disposition hearing.
The response by the Presentment Agency to this question was "not applicable." The
Respon-dent contends that this response "leads Respondent to infer" that this information is
known to the Presentment Agency, but that it is not providing it "because it believes it is not
applicable."
The Presentment Agency's response is that it is not in possession of any such reports.The
Presentment Agency cannot supply information it does not have.
Secondly, the Respondent argues that he is entitled to the names and pedigree informa-tion
of witnesses the Presentment Agency shall call to testify in this matter. The Presentment Agency
argues that the Respondent is not entitled to such information under the Family Court Act, the
Criminal Procedure Law, or case law.
Family Court Act § 331.2, Criminal Procedure Law §240.20 do not provide for
produc-tion of names and pedigree information of witnesses. Names and addresses of
presentment agency witnesses are not discoverable before the fact-finding hearing, unless the
respondent can demonstrate "exceptional" or "unusual circumstances." See Vergari v
Kendall, 76 Misc 2d 848 (Sup Ct of New York, Westchester Cty, 1974), affd 46
AD2d 679 (2nd Dept, 1974) [FN5] , Matter of Terry D., 81 NY2d 1042
(1993), People v. Izquierdo, 292 AD2d 247 (1st Dept. 2002). This requires more than a
"conclusory assertion" that the names and addresses are needed to prepare a defense, and this is
addressed to the discretion of the court. See People v. Andre W., 44 NY2d 179 (1978),
People v. Wright, 270 AD2d 213 (1st Dept. 2000), Bogacz, New York Juvenile
Delinquency Practice §2-1(b) at 180 [Lexis Law Publ 2002].
In this vein, the Respondent relies on People v. Rivera, 119 AD2d 517 (1st
Dept. 1986) as authority that the Presentment Agency should be compelled to provide the names
of its witnesses [*12]to the Respondent. The Appellate Court
stated that:

Although the question of whether or not the prosecution is obligated to disclose the
names of its witnesses in every case has not been definitively answered, it must be concluded that
where the evidence to be given by the witness is material to the defendant's guilt or innocence,
disclosure is encouraged. A superficial inquiry into the circumstances and consequences of
disclosure is not enough. Indeed, absent compelling circumstances such as the danger of
intimidation, there should be disclosure. Nor is it dispositive that the witness is known to the
defendant unless it is clear that the defendant knows that the witness will testify. Id. at
519.
However, it is important to recognize that People v. Rivera, supra,
was not a case that involved pre-trial discovery, but rather defendant's motion to set aside a guilty
verdict on the grounds of newly discovered evidence.
This Court's own research has revealed an interesting lower court case that addresses this
question. In, People v. Arrellano, 150 Misc 2d 574 (Crim Ct of New York, Kings Cty,
1991) the Criminal Court summarized that:

The Court of Appeals has not definitively decided whether it is within a Trial
Judge's discretion to grant a defense request for the names and addresses of the People's
witnesses. People v Andre W., 44 NY2d 179 [1978].) The First Department has said that
ordering such disclosure is within a Judge's discretion and, "absent compelling circumstances
such as the danger of intimidation, there should be disclosure". (People v Rivera, 119
AD2d 517, 519 [1st Dept 1986].) The Third Department agrees that disclosure is in the Trial
Judge's discretion, but it puts the onus on the defendant to demonstrate a material need for
disclosure. (People v Miller, 106 AD2d 787 [3d Dept 1984].) While the Second
Department has not ruled on this issue, it has refused to prohibit Trial Judges from granting such
disclosure. (Matter of Vergari v Kendall, 76 Misc 2d 848 [Sup Ct, Westchester County],
affd 46 AD2d 679 [2d Dept 1974].) I thus conclude that it is within a Trial Judge's discretion to
order the pretrial disclosure of the names and addresses of witnesses. Id. at 575.
[FN6] 
With the above in mind, it appears from a review of the case law that the discretion to order
disclosure rests with the court, in view of the particular circumstances of the case.The [*13]Respondent has made the general assertion that the names of the
witnesses would assist in the preparation of Respondent's case. This Court has no way of
knowing the impact the release of the names of the witnesses would have in this matter. The
Respondent has not specified the circumstances that exist in this case which would persuade this
Court to order the requested information. Without more, this Court denies this branch of
Respondent's application.
This Constitutes the Decision and Order of this Court.
Dated: September 26, 2007.

Footnotes

Footnote 1: Although not factually on point,
see, for example, In the Matter of Robert G., 64 Misc 2d 129 (Fam Ct of New York, New
York Cty, 1970). There, a warrant was issued on November 25, 1969, and according to the
Criminal Procedure Law, was to be executed within ten days. Relying on General Construction
Law § 20, the court determined that respondent's contention that December 5th was the
eleventh day after issuance and that the warrant had expired before its execution, was without
merit. 

Footnote 2: See for example In the
Matter of the Extradition of Edwin Douglas, 2 Misc 3d 662 (Sup Ct of New York, Kings Cty
2003). In that case, where a fugitive could not be held more than 90 days without bail, and the
90th day fell on a Sunday, the court relied upon General Construction Law §25-a (1) and
determined that the prosecution had until Monday, the next business day, to submit a warrant. 

Footnote 3: Lastly, while the Presentment
Agency maintains that there was no "prosecutorial delay" in filing this petition, this is not the
Respondent's argument. The Respondent's contention is that the petition was not timely filed
pursuant to Family Court Act §320.2 (1). This Court therefore need not address the
Presentment Agency's argument herein.

Footnote 4: The Respondent has admitted
that the identification was confirmatory.Although Respondent states he is not requesting a Wade
hearing, there is no requirement that such a hearing be held, since he has not contested the
confirmatory nature of the identification in his papers. Compare People v. Estrada, 241
AD2d 378 (1st Dept. 1997), and People v. Vera 235 AD2d 509 (2nd Dept. 1997).

Footnote 5:Interestingly, the Supreme Court
reasoned that in the balancing of the rights of the People and the rights of a victim of a crime
against the rights of a defendant, the names of the People's witnesses should not be disclosed
before trial...the burden is upon the People to prove the guilt of the defendant beyond a
reasonable doubt, and that the defendant is under no burden to prove anything....the People have
few, if any, rights of discovery...Once defendants are permitted to pry into the People's case
before trial, the balance between prosecution and defense will have swung too far against the
People...Id. at 855. 

Footnote 6:Compare People v. Bianco
169 Misc 2d 127 (Crim Ct of New York, Kings Cty 1996), where the court denied
defendant's request for the names and addresses of witnesses at the pre-trial stage, presumably for
investigatory purposes. The court held that there had been no showing that the names or
addresses of any witnesses would have a material bearing upon the guilt or innocence of the
defendants. Id. 133.