■ In the Matter of KWANE M., Respondent.—In a juvenile delinquency proceeding pursuant to the Family Court Act article 3, the appeal is from an order of the Family Court, Kings County (DePhillips, J.), dated December 7, 1984, which granted the respondent's motion to dismiss the petition in furtherance of justice pursuant to Family Court Act § 315.2 on the ground that the respondent was currently in placement with the New York State Division for Youth (DFY).

Order reversed, without costs or disbursements, and matter remitted to the Family Court, Kings County, for a fact-finding hearing on the petition pursuant to Family Court Act, article 3, part 4.

After admitting to an act which, if committed by an adult would have constituted the crime of assault in the third degree, the respondent was placed in a DFY Title III facility for 12 months. On that same day, the respondent was charged in a second petition, *inter alia,* with acts which would constitute assault in the third degree, stemming from an incident in which the respondent hit the victim in her mouth with his fist, resulting in an injury which required stitches. The respondent moved to have the second petition dismissed in furtherance of justice pursuant to Family Court Act § 315.2

on the ground that he was already placed and, therefore, was no longer a threat to the community and was receiving the necessary supervision. The Family Court granted the motion to dismiss, based upon the respondent's argument.

We reverse. A delinquency petition may be dismissed in furtherance of justice pursuant to Family Court Act § 315.2 (1) upon the court's consideration of the numerous factors contained therein. At least one of these factors must be readily identifiable and sufficiently compelling to support the dismissal *(People v Rickert,* 58 NY2d 122, 128). Although the community may be adequately protected from a juvenile at the point in time that the petition is dismissed, this, by itself, is not sufficiently compelling to support a rule requiring the per se dismissal of a second petition. The respondent shows a propensity towards violent behavior. In light of this, a fact-finding hearing must be held so that the protection of the community is ensured and the respondent's placement needs are explored *(see, Matter of Carlief V.,* 121 AD2d 640 [decided herewith]; *Matter of Phillip S.,* 117 Misc 2d 595; *Matter of Patrick B. P.,* 103 Misc 2d 1102). Weinstein, J. P., Niehoff, Kunzeman and Spatt, JJ., concur.