■ In the Matter of CARLIEF V., Respondent.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of the Family Court, Kings County (Ambrosio, J.), dated January 16, 1985, which granted the respondent's motion to dismiss the petition in the interest of justice pursuant to Family Court Act § 315.2 on the ground that respondent was currently in placement with the New York State Division for Youth (DFY).

Order reversed, without costs or disbursements, and matter remitted to the Family Court, Kings County, for a fact-finding hearing on the petition pursuant to Family Court Act, article 3, part 4.

After turning himself in to the authorities on a misdemeanor delinquency petition and consenting to placement in a DFY Title III facility for nine months, the respondent was charged in a second petition, *inter alia,* with attempted robbery in which his accomplice displayed a knife to the complainant. The respondent then moved to have the second petition dismissed in the interest of justice pursuant to Family

Court Act § 315.2, on the ground that he was already placed and, therefore, was no longer a threat to the community and was receiving the necessary supervision. The Family Court granted the motion to dismiss based upon the respondent's argument. The court further stated that dismissal was warranted because of the respondent's sad family history and because no injury had come to the complainant with respect to the attempted robbery.

We reverse. A delinquency petition may be dismissed in the interest of justice pursuant to Family Court Act § 315.2 (1) upon the court's consideration of the numerous factors contained therein. At least one of these factors must be readily identifiable and sufficiently compelling to support the dismissal *(People v Rickert,* 58 NY2d 122, 128). Although the community may have been adequately protected from the juvenile at the point in time that the petition was dismissed, this, by itself, is not sufficiently compelling to support a rule of per se dismissal on a second petition. The respondent's behavior shows a trend in which his propensity towards violence has escalated. Moreover, although we agree that the respondent's family history has been a sad one, it is this history which may be contributing to the respondent's criminal propensities, and which must be evaluated in connection with the second petition to determine the respondent's placement needs *(see, Matter of Kwane M.,* 121 AD2d 635 [decided herewith]; *Matter of Phillip S.,* 117 Misc 2d 595; *Matter of Patrick B. P.,* 103 Misc 2d 1102). Weinstein, J. P., Niehoff, Kunzeman and Spatt, JJ., concur.