■ In the Matter of REGINALD V. H., Respondent.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of the Family Court, Nassau County (Ryan, J.), entered December 24, 1986, which dismissed the petition in the interest of justice.

Ordered that the appeal is held in abeyance and the matter is remitted to the Family Court, Nassau County, for the

making of specific findings *(see,* Family Ct Act § 315.2 [1], [2])
in support of its dismissal of the petition in the interest of
justice. The Family Court shall file its findings with this court
with all convenient speed.

The respondent juvenile was charged with committing an
act which, if committed by an adult, would have constituted
the crime of petit larceny. The matter appeared on the calen-
dar on December 16, 1986. There was no appearance by the
juvenile's mother, "who was notified". The juvenile was repre-
sented by a guardian ad litem and a Law Guardian. In
accordance with an agreement between the Law Guardian and
the County Attorney, the petition was amended to charge the
respondent with committing an act which, if committed by an
adult, would have constituted the crime of attempted petit
larceny. Upon the Law Guardian's advice, and after being
advised of all of his rights, the respondent voluntarily admit-
ted to committing the act as charged in the amended petition.
The Family Court then stated as follows: "THE COURT: All
right, the Court after inquiry of the Respondent, and upon all
the proceedings had herein, the Court is satisfied that the
Respondent's admission was made voluntarily, knowingly and
intelligently and with the aid of competent counsel. The Court
is satisfied that the admission meets the necessary elements if
done by an adult to constitute the crime of attempted petty
*[sic]* larceny, Section 110.00, Section 155.25 of the Penal Law,
a class B misdemeanor".

Since the respondent was a resident of Kings County, the
County Attorney requested that the matter be transferred to
the Family Court, Kings County, for disposition *(see,* Family
Ct Act § 302.3 [4]). The Family Court agreed and the respon-
dent was remanded to the children's shelter in order to await
transportation to the Kings County Family Court on Decem-
ber 17, 1986.

The case was recalled at 2:00 P.M. on December 16, 1986. At
that time, the respondent's mother finally appeared. Over the
objection of the County Attorney, the Family Court, "on its
own motion", vacated and dismissed the petition "in the
interest of justice" without giving any reasons therefor.

It is true that Family Court Act § 315.2 (1), *inter alia,* allows
the Family Court to dismiss a juvenile delinquency petition in
the interest of justice "as a matter of judicial discretion",
when there exists "some compelling further consideration or
circumstances clearly demonstrating that a finding of delin-
quency or continued proceedings would constitute or result in
injustice". However, Family Court Act § 315.2 (2) mandates

that upon issuing an order dismissing a petition in the interest of justice, the Family Court "must set forth its reasons therefor upon the record". In the instant proceeding, the Family Court gave no reasons for dismissing the petition in the interest of justice. Accordingly, the appeal must be held in abeyance, and the matter remitted to the Family Court, Nassau County, for the making of specific findings (see, Family Ct Act § 315.2 [1], [2]) in support of its dismissal of the petition in the interest of justice. Niehoff, J. P., Mangano, Bracken and Eiber, JJ., concur.