◼ In the Matter of CHRIS H. a Person Alleged to be a Juvenile Delinquent, Respondent. WESTCHESTER COUNTY ATTORNEY, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Westchester County (Bellantoni, J.), dated April 6, 1992, which, after a dispositional hearing, dismissed the juvenile delinquency petition in the furtherance of justice.

Ordered that the appeal is held in abeyance, and the matter is remitted to the Family Court, Westchester County, for the making of specific findings *(see,* Family Ct Act § 315.2 [1], [2]) in support of its dismissal of the petition in the furtherance of justice; the Family Court shall file its findings with this Court with all convenient speed.

At the conclusion of the dispositional hearing, the Family Court herein stated that "the petition will be, over the objec-

tion of the county attorney in the interests of justice, the Court has the authority, I will dismiss this petition". The court did not further explain the reasons for its decision.

Family Court Act § 315.2 (1) clearly authorizes the Family Court to dismiss a juvenile delinquency petition in the furtherance of justice "as a matter of judicial discretion" when there exists "some compelling further consideration or circumstances clearly demonstrating that a finding of delinquency or continued proceedings would constitute or result in injustice". However, the statute goes on to provide that in making any such determination, the court must consider certain factors listed in the statute (Family Ct Act § 315.2 [1]; *see also, Matter of Kwane M.,* 121 AD2d 635; *Matter of Carlief V.,* 121 AD2d 640). Moreover, Family Court Act § 315.2 (2) mandates that, when dismissing a petition in the furtherance of justice, the Family Court "must set forth its reasons therefor upon the record". In the instant proceeding, the Family Court gave no reasons for dismissing the petition, nor can it be discerned from the record that the court examined and considered the statutory factors *(cf., Matter of Reginald V. H.,* 139 AD2d 580).

Accordingly, the appeal must be held in abeyance, and the matter is remitted to the Family Court, Westchester County, for the making of specific findings *(see,* Family Ct Act § 315.2 [1], [2])* in support of the dismissal of the petition in the furtherance of justice *(see, Matter of Reginald V. H.,* 134 AD2d 258). Bracken, J. P., Harwood, Miller and Copertino, JJ., concur.