■ In the Matter of CHRIS H., a Person Alleged to be a Juvenile Delinquent, Respondent. WESTCHESTER COUNTY ATTORNEY, Appellant. [602 NYS2d 939] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Westchester County (Bellantoni, J.), dated April 6, 1992, which, after a dispositional hearing, dismissed the juvenile delinquency petition in the interests of justice. By decision and order of this Court dated October 19, 1992, the matter was remitted to the Family Court, Westchester County, for the making of specific findings *(see,* Family Ct Act § 315.2 [1], [2]; *Matter of Chris H.,* 186 AD2d 739). The Family Court has now complied.

Ordered that the order is affirmed, without costs or disbursements.

Family Court Act § 315.2 (1) clearly authorizes the Family Court to dismiss a juvenile delinquency petition in the interests of justice "as a matter of judicial discretion" when there exists "some compelling further consideration or circumstances clearly demonstrating that a finding of delinquency or continued proceedings would constitute or result in injustice". The statute then provides that in making any such determination, the court must consider certain factors listed in the statute *(see,* Family Ct Act § 315.2 [1]; *see also, Matter of Kwane M.,* 121 AD2d 635; *Matter of Carlief V.,* 121 AD2d 640).

In the instant case, we find, contrary to the argument of the

presentment agency, that there is sufficient evidence in the record to support the Family Court's application of the statutory factors. Accordingly, it cannot be said that the dismissal of the petition in the interests of justice was an improvident exercise of discretion. Bracken, J. P., Sullivan, Miller and Copertino, JJ., concur.