■ Louis Evangelista, Plaintiff, v Abner Slatt et al., Respondents. Lee Auster, Nonparty Appellant. [743 NYS2d 274] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered December 10, 2001, which, in an action for legal malpractice based on defendant attorneys' alleged failure to proceed with an inquest or otherwise prosecute a default judgment in favor of plaintiff and against nonparty appellant, denied nonparty appellant's motion to quash a subpoena served on him by defendant attorneys seeking information about his outstanding obligations to plaintiff and overall assets, unanimously affirmed, without costs.

Any judgment herein cannot exceed "the amount that 'could or would have been collected' in the underlying action" (*McKenna v Forsyth & Forsyth*, 280 AD2d 79, 82). Therefore, any payments or other transfers of value that appellant may have made in satisfaction of the liabilities underlying the default judgment, as well as appellant's ability to satisfy any such liabilities still outstanding, are material and necessary to the defense of this action. Concur—Nardelli, J.P., Mazzarelli, Buckley, Sullivan and Marlow, JJ.

■ In the Matter of Dominic D., a Person Alleged to be a Juvenile Delinquent, Appellant. [743 NYS2d 275] —Order of disposition, Family Court, Bronx County (Myrna Martinez-Perez, J.), entered on or about April 10, 2000, which adjudicated appellant a juvenile delinquent, upon a fact-finding determination that appellant committed acts which, if committed by an adult, would constitute the crimes of assault in the second degree, criminal possession of a weapon in the fourth degree and menacing in the third degree, and that appellant committed the act of unlawful possession of weapons by a person under 16, and placed appellant on probation until February 21, 2002, unanimously affirmed, without costs.

The court's finding was based on legally sufficient evidence and was not against the weight of the evidence. The evidence warranted the conclusion that appellant possessed the requisite intent to cause physical injury when he came over to the victim, made an accusatory remark, leaned toward her, and stabbed her in the thigh (*see, Matter of Gregory B.*, 242 AD2d 295). There was no evidence suggesting that the stabbing was an accident. We have considered and rejected appellant's remaining claims. Concur—Andrias, J.P., Rosenberger, Wallach, Rubin and Gonzalez, JJ.