Matter of L.M. (2006 NY Slip Op 51900(U))

[*1]

Matter of L.M.

2006 NY Slip Op 51900(U) [13 Misc 3d 1218(A)]

Decided on October 4, 2006

Family Court, Nassau County

Lawrence, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 4, 2006

Family Court, Nassau County
In the Matter of L.M., A Person Alleged to be a Juvenile Delinquent, Respondent.
XXX

JOANNE CURRAN, ESQ.
DEPUTY COUNTY ATTORNEY, FAMILY COURT BUREAU
Attorney for the Presentment Agency
JOHN P. DELLA RATTA, JR., ESQ.
Attorney for Respondent - L.M.

Richard S. Lawrence, J.
Respondent moves this Court pursuant to Family Court Act
§§315.1, 311.1 and 311.2, upon the basis that the petition is defective, in that non-hearsay allegations of the factual part of the petition, together with the supporting depositions, do not allege each and every element of each crime charged.
In the alternative, the Respondent moves this Court to dismiss the petition pursuant to FCA §315.2, "in furtherance of justice."
It is alleged that Respondent committed acts on or about December 3, 2004 which, if he were an adult, would consist of the following crimes in violation of the penal law:
Arson in the Third Degree, §150.10 of the Penal Law,
a C Felony;
Arson in the Fourth Degree, §150.05(1) of the Penal
Law, an E Felony;
Criminal Mischief in the Second Degree, §145.10 of
the Penal Law, a D Felony;
Criminal Mischief in the Fourth Degree, §145.00(1)
of the Penal Law, an A Misdemeanor.
Family Court Act §311.1(3)(h) states that the petition must contain:
a plain and concise factual statement in
each count which, without allegations of an
evidentiary nature, asserts facts supporting
every element of the crime charged and the
[*2]
respondent's commission thereof with suffi-
cient precision to clearly apprise the respon-
dent of the conduct which is the subject of
the accusation.
FCA §311.2 states that a petition is "sufficient on its face when..."
3.non-hearsay allegations of the factual part
of the petition or of any supporting depo-
sitions establish, if true, every element
of each crime charged and the respondent's
commission thereof.
Lastly, Family Court Act §315.1 states:
2.An order dismissing a petition as
defective may be issued upon motion of
the respondent or of the court itself.
Attached to the instant petition, are the supporting deposition of R.J., the owner of the automobile involved in this incident; the supporting deposition of C.G. dated April 19, 2006, who alleges, in effect, that the Respondent "confessed this incident to him;" an additional supporting deposition of C.G., taken approximately one hour after his first deposition on April
19, 2006, alleging a conversation he had with the Respondent, in which the Respondent allegedly went into detail regarding the occurrence of the arson incident; and the statement of admission of P.F. dated April 21, 2006, which states what he saw regarding this arson, as well as what the Respondent had allegedly told him regarding another prior arson.
Upon a motion to dismiss for failure to allege a prima facie case, the burden of proof is not the same as beyond a reasonable doubt as required at trial. See People v Gordon, 88 NY2d 92 (1996); People v Swamp, 84 NY2d 725 (1995); and Matter of Carl F., 25 AD3d 696 (2d Dept 2006).
Legally sufficient evidence - defined as
"competent evidence which, if accepted as
true, would establish every element of an
offense charged and the defendant's com-
mission thereof" - means simply a prima
facie case, not proof beyond a reasonable
[*3]
doubt. The reviewing court must consider
whether the evidence, viewed most favorably
to the People, if unexplained and uncontra-
dicted - and deferring all questions as to
the weight or quality of the evidence - would
warrant conviction (citations omitted). People v
Swamp., supra @ p.730.
Respondent has thoroughly reviewed the various supporting depositions, and points to certain specifics of those depositions in support of his argument that the supporting depositions do not
comply with the statutes cited above. The Court will review Respondent's arguments as presented by Respondent:
Respondent alleges that G.'s deposition [sic] was taken over 16 months subsequent to the alleged incident; was given during "an interrogation" by a certain detective, in the presence of Mr. G.'s
attorney; that his statement "does not state he was an eyewitness" to the incident; that Mr. G. is now over 18 years of age and is recalling facts that took place when he was 16 years old. Regarding each of these arguments, although they may go to the weight of Mr. G.'s testimony at a fact-finding hearing, and may very well deal with the issue of credibility of the witness, they in no way, in and of themselves, are violative of the above stated statutes.
Respondent further states that Mr. G. "fails to identify the date of the incident with any specificity except that he was at home one night during the end of 2004.'" It has been held by our Court of Appeals that an indictment which states that various events occurred "during the month of November 1980" is sufficient for pleading purposes; and it further held that, in response to a demand for a bill of particulars, the People narrowing the times to
"on or about and between Friday November 7, 1980 and Saturday
November 30, 1980" is also sufficient to defeat a defendant's motion to dismiss on the grounds that neither the incident nor the bill of particulars set forth a designated date on or about when each crime occurred, as required by CPL §200.50(6). See People v Morris, 61 NY2d 290 (1984).
See also Matter of Robert H., 152 AD2d 572 (2d Dept 1989) a juvenile delinquency matter, in which the Court held that, regarding a nine count petition, a three month time period, as modified by an affirmation in opposition to Respondent's motion to dismiss the petition, narrowing the time frame to a ten day period with respect to only two of the counts, the petition [*4]complied with Family Court Act §311.1(3)(g), in that it contained "a statement in each count that the crime charged therein was committed on, or on or about, a designated date, or during a designated period of time." Ibid, at p. 573.
This Court finds that Mr. G.'s deposition, together with the statement in paragraph 4 of the petition that the alleged incident occurred "on or about December 3, 2004 at about 2:20 p.m.," fully complies with FCA §311.1(3)(g).
Respondent further argues that "by hearsay," Mr. G. states that Respondent committed the offense with his co-defendant, P.F. The alleged statement by Mr. G. as to Respondent's alleged confession, although containing hearsay, is one of the exceptions to the hearsay rule, in that, if true, it is an admission against interest, and therefore admissible for purposes of this motion, as well as for purposes of the fact-finding hearing.
Respondent continues that Mr. G. gave a second statement approximately one hour after the first; that Respondent committed the alleged offense with P.F.; that Respondent allegedly committed the offense with P.F.; that Mr. G.'s statement was taken over 16 months subsequent to the alleged incident; and that Mr. G. does not state that he was an eyewitness to the incident. Again, these arguments may go to the weight of Mr. G.'s testimony at a fact-finding hearing, and might affect his credibility, but are irrelevant to the instant motion.
Respondent further states that Mr. G., in his statements, fails to identify the specific date of the incident with any specificity, other than that he had a conversation with Respondent
and Mr. F. "In early December 2004 in the evening." The exact date that Mr. G. had the alleged conversation is irrelevant, and the gravamen of Mr. G.'s statement, is, in effect, that Respondent confessed to two acts of arson to Mr. G.; as such, it is irrelevant to the issues before this Court regarding the instant motion.
Respondent then submits similar arguments regarding co-defendant P.F. For the same reasons as set forth above regarding Mr. G., the arguments may go toward weight and credibility at a fact-finding hearing, but are irrelevant to the instant motion.
Respondent concludes that the supporting depositions of J., G. and F. fail to contain non-hearsay allegations sufficient to support the petition. As set forth above, regarding the first two allegations (charges)in Paragraph 4 of the petition, arson in the third and arson in the fourth degree, the depositions, in this Court's opinion, are sufficient to support the petition. The only thing not expressly mentioned is the element of intent (arson in the third degree) and recklessness (arson in the fourth degree). Regarding this, intent need not be express, and may be inferred [*5]from the acts alleged and all of the surrounding circumstances. 
People v Getch and People v Marr, reported jointly at 50 NY2d 456 (1980). See also several juvenile delinquency cases: Matter of Nehila W., 232 AD2d 152 (1st Dept 1996); Matter of Dominic D., 295 AD2d 156 (1st Dept 2002); Matter of Rayshawn D., 295 AD2d 175 (1st Dept 2002); and In re Densel B., 12 AD3d 297 (1st Dept 2004). For purposes of this motion, this Court finds an inference, with respect to both intent and reckless acts, sufficient to defeat Respondent's instant motion.
With respect to the two additional allegations (charges) set forth in the petition, criminal mischief in the second degree and criminal mischief in the fourth degree, the supporting deposition of the owner of the automobile, R.J., sets forth the amount of damage to his automobile and the fact that the Respondent had no right to commit arson upon his automobile.
This Court finds that each and every element of each alleged crime, is sufficiently supported by non-hearsay allegations in the supporting depositions, and that branch of Respondent's motion to dismiss is denied.
As set forth above, in the alternative, Respondent moves to dismiss the petition in furtherance of justice, in accordance with
Family Court Act §315.2(1). That section states:
1.A petition or any part or count thereof
may at any time be dismissed in further-
ance of justice when, even though there
may be no basis for dismissal as a matter
of law, such dismissal is required as a
matter of judicial discretion by the exist-
ence of some compelling further considera-
tion or circumstances clearly demonstrating
that a finding of delinquency or continued
proceedings would constitute or result in
injustice. In determining whether such com-
pelling further consideration or circumstances
exist, the court shall, to the extent applic-
[*6]
able, examine and consider, individually and
collectively, the following:
(a)the seriousness and circumstances of the
crime;
(b)the extent of harm caused by the crime;
(c) any exceptionally serious misconduct
of law enforcement personnel in the
investigation and arrest of the respon-
dent or in the presentment of the peti-
tion;
(d)the history, character and condition
of the respondent;
(e)the needs and best interest of the
respondent;
(f)the need for protection of the com-
munity; and
(g)any other relevant fact indicating that
a finding would serve no useful purpose.
In accordance with this section, the Court may dismiss, on motion, one or more counts of a juvenile delinquency petition, and the Court must thoroughly review and discuss in its decision, the various elements (a-g) as set forth in that statute. See, for example, In the Matter of Chris H., 186 AD2d 739 (2d Dept 1992).
The very first considerations are the seriousness and circum-
stances of the crime. In this, the most serious allegation in the petition alleges acts which, if the Respondent were an adult, would be arson in the third degree, a Class C felony. The supporting depositions to the petition allege that the Respondent intention-ally committed the crime of arson, and apparently planned to do so; it was not a spontaneous action on the part of the Respondent. The second element listed in the section is the extent of harm caused. In this, the supporting deposition of R.J. indicates damage to the owner's automobile in the sum of $14,500.00, a substantial sum. The third element states that the court must take into account any alleged misconduct of law enforcement personnel; in the instant matter, there is no such misconduct alleged. The fourth element deals with the history, character and condition of the Respondent.
In this, it is admitted that Respondent pled guilty, as an adult, on April 7, 2006 to attempted arson (the exact statute pled to is not mentioned in the motion papers), for which the Respondent was sentenced to forty-five days incarceration, five years probation and restitution. This Court finds that the "history, character and condition of the Respondent" is not in his favor for purposes of this motion.
The next element states the court must consider the needs and best interest of the Respondent, and the following element states the court must consider the need for protection of the community. The last element states that the court must consider any other relevant fact indicating that a finding would serve no useful purpose.
As set forth in the first paragraph of this statute, a dis-
missal in furtherance of justice must show "the existence of some compelling further consideration or circumstances clearly demon-
strating that a finding of delinquency or continued proceedings would constitute or result in injustice." In addition, the statute continues that "the court shall, to the extent applicable, examine and consider, individually and collectively (emphasis supplied)," all seven of the elements set forth in the statute.
Further, at least one of these factors "must be readily identifiable and sufficiently compelling to support the dismissal." In the Matter of Reginald V., 139 AD2d 580, 581 (2d Dept 1988). This Court finds that not one of these factors meets that standard in the instant matter.
This Court also must take into consideration the fact that there is a second pending petition, in addition to the subject matter of this motion, alleging virtually identical facts and identical acts constituting arson, which allegedly occurred on or about September 13, 2004.
The reasons set forth by the Respondent, in his motion to dismiss in the interest of justice, include the following: the guilty plea to attempted arson and the split sentence as a result; a "ban" directed to the Respondent from associating with G. and F.; the fact that Respondent shall be supervised by the Department of Probation for the next five years; the father's deposition that the Respondent has "changed considerably" since his arrest on the County Court matter; that he has "given up fast food including Burger King and Taco Bell;" that "all tests" for alcohol and illegal substances have been negative since October [the year
is not given]; that both G. and F. were "bad influences" on the Respondent; and the fact that the County Court has "forbidden" the Respondent from talking with G. and F. (which apparently is a plus); that (according to the father) the Respondent is on "medication" and that he has "been [*7]fine" as a result of that medication; that the Respondent's intention is to attend a program to learn job skills and classes to obtain a GED; and that the Respondent will be 18 years of age on December 6, 2006.
This Court again notes that both the petition regarding the instant motion, as well as the second petition in this court, and the County Court matter, all deal with arson charges.
Although case law is sparse in this area, there are several reported cases which give guidance. In the Matter of Kwane M., 121 AD2d 635 (2d Dept 1986), the Appellate Division reversed the Family Court, which had dismissed the petition in the interests of justice. The Court stated that in order for there to be such a dismissal, the Court would have to consider "numerous factors," including that the dismissal "must be readily identifiable and
sufficiently compelling to support the dismissal." Ibid at p. 636. Here, one of Respondent's arguments was that he was already placed, and therefore no longer a threat to the community. However, there were two petitions filed against that Respondent, in which he admitted to one and was placed, and thereupon moved to dismiss the second. The Appellate Division stated that since the Respondent showed a propensity toward violent behavior, that a fact-finding hearing was necessary as to the second petition, in order to pro-tect the community and to explore the needs of the Respondent.
Likewise, In the Matter of Carlief V., 121 AD2d 640(2d Dept 1986), the Respondent moved to dismiss the second petition, upon the ground that he was already placed upon the first petition and therefore was not a threat to the community. Again, the Appellate Division reversed the Family Court, which had granted the motion. The mere fact of placement, the Court held, was not sufficient to protect the community, especially where the Respondent's behavior showed a trend in which his propensity toward violence had escalated. See also In the Matter of Khaled S., 283 AD2d 197 (1st Dept 2001).
Lastly, in a juvenile delinquency matter where the Respondent was charged with acts which, if he was an adult, would be man-slaughter in the second degree, criminally negligent homicide and other allegations, and where the Respondent, then nine years old, accidentally shot and killed his best friend and cousin, a twelve year old boy with whom he resided, Respondent moved, prior to the fact-finding hearing, to dismiss the petition in the interests of justice. The motion was granted (and not appealed). In the Matter of Tristan C., 156 Misc 2d 1007 (Family Court of New York, Kings
[*8]
County, 1993). In that matter, which the Court termed "a tragic accident" (Ibid at p. 1008), the Court reviewed the psychological trauma and psychiatric history of the Respondent and stated that any further Family Court proceedings would, in and of themselves, interfere with whatever progress the Respondent had already made. The Court stated, at p. 1010 (citing In the Matter of Carlief V., supra; other citations omitted):
The Family Court's discretionary authority to
dismiss a juvenile delinquency proceeding in
the furtherance of justice is rarely invoked.
Such action must follow consideration of identi-
fied statutory criteria, and is limited to the
"rare" and "unusual" case where it "cries out
for fundamental justice beyond the confines
of conventional considerations."
In the present case, the court concludes
that such "rare" and "unusual" circumstances
exist, and that the continuation of this pro-
ceeding against Tristan would work a substantial
injustice.
The statute requires that the court consider,
to the extent applicable, any one or more
of the following: the seriousness and circum-
stances of the crime; the extent of harm caused
by the crime; any exceptionally serious miscon-
duct of law enforcement personnel in the invest-
igation and arrest of the respondent or in the
presentment of the petition; the history,
character and condition of the respondent; the
need for protection of the community; or any
other relevant fact indicating that a finding
would serve no useful purpose.
That Court further held that since the Respondent was already receiving intensive residential treatment, under a non-juvenile delinquency case, that his needs had been identified [*9]and were being met. Lastly, the court held that the Respondent never was a danger to the community nor did he have any propensity toward violent or delinquent behavior (citing In the Matter of Kwane M., supra).
The cases cited above should be contrasted with the matter at bar, in which the Respondent before this Court allegedly has a pro-
pensity for violence, in that he previously admitted, as an adult in the Nassau County Court, to attempted arson, and where there are two petitions pending before this Court (the one which is the
subject of the instant motion, as well as a second petition which is the subject of an identical motion) involving allegations of the same types of acts of arson upon two different additional dates.
This Court finds no compelling reasons or circumstances whatsoever, sufficient to grant Respondent the relief he seeks. Accordingly, the motion is denied in its entirety.
The Respondent, his parent and all counsel are directed to appear before this Court on October 11, 2006 at 9:00 a.m. for purposes of a conference.
This constitutes the Findings, Decision and Order of this Court.
Dated: Westbury, New York
October 4, 2006
TO: