[939 NYS2d 468]

In the Matter of STEVEN C., a Person Alleged to be a Juvenile Delinquent, Appellant.

Second Department, February 7, 2012

### APPEARANCES OF COUNSEL

*Larry S. Bachner*, Jamaica, for appellant.

*Michael A. Cardozo, Corporation Counsel*, New York City (*Steven J. McGrath* and *Susan B. Eisner* of counsel), for respondent.

### OPINION OF THE COURT

MILLER, J.

On April 28, 2009, the appellant, Steven C. (hereinafter Steven), was a ninth-grade student attending high school in Queens. On that date, he was arrested by police officers at the conclusion of his lunch hour when he returned to school after getting lunch at a nearby bagel shop. He was handcuffed and placed in a police vehicle along with another student. A third student was also arrested about one-half mile from the high school.

About one month later, the presentment agency filed a petition pursuant to Family Court Act article 3 to have Steven and the other two students who were arrested (hereinafter the two co-respondents) adjudged to be juvenile delinquents. The petition alleged that Steven and the two co-respondents committed acts which, if committed by an adult, would have constituted the crime of criminal trespass in the third degree.

Two supporting documents were annexed to the petition. One was a signed and notarized affidavit from a police officer (hereinafter the attesting officer), attesting that he observed Steven and the two co-respondents jump over a fence that enclosed the

backyard of a private residence (hereinafter the private residence). The second document attached to the petition was from the owner of the private residence, which stated that she did not give anyone permission to be in her backyard at the time that Steven and the two co-respondents were allegedly observed by the attesting officer.

After a series of adjournments, testimony at a fact-finding hearing was first taken in October 2009. The fact-finding hearing was held over the course of the next year, finally ending sometime in December 2010. The presentment agency did not call the attesting officer to testify and he did not testify at any time during the fact-finding hearing. Two other police officers testified that they observed Steven and the two co-respondents standing in the backyard of the private residence. The officers testified that after they made eye contact with Steven and the two co-respondents, the youths fled over the fence into another backyard. The officers testified that they each separately pursued and arrested the two co-respondents. Neither of the officers testified to arresting Steven.

Additionally, the two testifying officers unequivocally stated that they were the only police officers present at the scene when Steven and the two co-respondents were in the backyard of the private residence. They both specifically testified that the attesting officer was not present at the scene when they observed the three youths in the backyard of the private residence. The attesting officer processed the three youths after they were arrested.

Steven and one of the other two co-respondents testified on their own behalf. Both stated that they went to a local bagel shop for lunch during their designated lunch hour in a group of about seven students. As they were returning from lunch, they encountered police officers. Fearing a citation for truancy, the students fled. Steven and the testifying co-respondent both insisted that they were never in the backyard of the private residence. Steven testified that he ran to the school and was apprehended by a police officer as he attempted to enter the school.

At the conclusion of the fact-finding hearing, the Family Court concluded that Steven committed acts which, if committed by an adult, would have constituted the crime of criminal trespass in the third degree. An order of disposition of the same court dated February 16, 2011, nearly 22 months after the incident, adjudged him to be a juvenile delinquent and, inter alia, placed him on probation for a period of 12 months. Steven appeals, and

we reverse the order of disposition and dismiss the petition in the interest of justice.

"A proceeding to adjudicate a person a juvenile delinquent is originated by the filing of a petition" (Family Ct Act § 310.1 [1]). A petition is not facially sufficient unless, among other things, "non-hearsay allegations of the factual part of the petition or of any supporting depositions establish, if true, every element of each crime charged and the respondent's commission thereof" (Family Ct Act § 311.2 [3]; see Matter of Nelson R., 90 NY2d 359, 362 [1997]; Matter of Detrece H., 78 NY2d 107, 109 [1991]). "Although not required by the express language of statute, the Court of Appeals has held that the nonhearsay factual allegations must be sworn to satisfy the facial sufficiency requirement of the Family Court Act" (Matter of Jermaine G., 38 AD3d 105, 108 [2007]; see Matter of Neftali D., 85 NY2d 631, 635 [1995]).

With certain exceptions not relevant here, a petition that does not substantially conform with Family Court Act § 311.2 is defective (see Family Ct Act § 315.1 [1] [a]). "An order dismissing a petition as defective may be issued upon motion of the respondent or of the court itself" (Family Ct Act § 315.1 [2]).

The Court of Appeals has concluded that dismissal under Family Court Act § 315.1 (2) "is not mandatory when a deficiency in the petition is not facially apparent but only is revealed during the course of the Family Court proceedings" (Matter of Rodney J., 83 NY2d 503, 508 [1994]; see Matter of Edward B., 80 NY2d 458, 465 [1992]; Matter of Shaquana S., 9 AD3d 466, 466-467 [2004]; Matter of Kenneth K., 218 AD2d 534, 536-537 [1995]). Thus, dismissal under Family Court Act § 315.1 (2) is not required when a defect in the petition is latent, only when it is patent (see Matter of Rodney J., 83 NY2d at 508; see Matter of Edward B., 80 NY2d at 465; Matter of Shaquana S., 9 AD3d at 466-467; Matter of Kenneth K., 218 AD2d at 536-537).

In this case, the nonhearsay allegations of fact were supplied by an affidavit signed and notarized under penalty of perjury by the attesting officer, who stated that he observed Steven jump the fence into the backyard of the private residence. Thus, the petition contained what appeared on its face to be a nonhearsay statement of fact tending to support the charge. Nothing on the face of the petition rendered it insufficient. However, the testimony of the police officers who testified at the fact-finding hearing demonstrated that the attesting officer did not actually witness Steven jump the fence into the backyard of the private

residence. Since the petition was materially supported by an affidavit that could only have been based on hearsay (despite indicating to the contrary), it was defective (*see* Family Ct Act § 311.2 [3]). Inasmuch as this defect did not become apparent until the fact-finding hearing, it was a latent defect (*see Matter of Nelson R.*, 90 NY2d at 362; *Matter of Edward B.*, 80 NY2d at 464-465; *Matter of Jermaine G.*, 38 AD3d at 110-111).

Since the defect in this petition was latent, the petition is not subject to mandatory dismissal as a matter of law under Family Court Act § 315.1 (2). It was, however, still subject to another provision of the Family Court Act which permits a court to dismiss a petition as a matter of judicial discretion in the interest of justice (*see* Family Ct Act § 315.2 [1]).

Family Court Act § 315.2 (1) provides that

> "[a] petition or any part or count thereof may at any time be dismissed in furtherance of justice when, even though there may be no basis for dismissal as a matter of law, such dismissal is required as a matter of judicial discretion by the existence of some compelling further consideration."

"An order dismissing a petition in the interest of justice may be issued upon motion of the presentment agency, the court itself or of the respondent" (Family Ct Act § 315.2 [2]). Thus, even where a respondent's attorney has failed to move to dismiss a petition in the furtherance of justice, "the Family Court or this Court may do so on its own motion" (*Matter of Deborah C.*, 261 AD2d 138, 139 [1999]; *see Matter of Cerino P.*, 296 AD2d 868 [2002]; *Matter of Jessie C.*, 164 AD2d 731, 736 [1991]; *see also Matter of Joshua P.*, 270 AD2d 272 [2000]).

The Family Court Act provides that

> "[i]n determining whether such compelling further consideration or circumstances exist, the court shall, to the extent applicable, examine and consider, individually and collectively, the following:
>
> "(a) the seriousness and circumstances of the crime;
>
> "(b) the extent of harm caused by the crime;
>
> "(c) any exceptionally serious misconduct of law enforcement personnel in the investigation and arrest of the respondent or in the presentment of the petition;

"(d) the history, character and condition of the respondent;

"(e) the needs and best interest of the respondent;

"(f) the need for protection of the community; and

"(g) any other relevant fact indicating that a finding would serve no useful purpose" (Family Ct Act § 315.2 [1]).

This Court has stated that when dismissing a petition under Family Court Act § 315.2 (1), "[a]t least one of these factors must be readily identifiable and sufficiently compelling to support the dismissal" (*Matter of Kwane M.*, 121 AD2d 635, 636 [1986]; *see Matter of Chris H.*, 197 AD2d 689, 689-690 [1993]; *Matter of Reginald v H.*, 139 AD2d 580, 581 [1988]; *see also People v Rickert*, 58 NY2d 122, 128 [1983]).

Here, these factors weigh in favor of dismissal in the interest of justice. As the Court of Appeals has noted, "[t]he sufficiency requirements set forth in Family Court Act § 311.2 are not simply technical pleading requirements but are designed to ensure substantive due process protection to an alleged juvenile delinquent, who can be arrested and deprived of liberty based on the petition" (*Matter of Neftali D.*, 85 NY2d at 634-635). "The need for such assurance is particularly acute at the outset of a juvenile delinquency proceeding, where there is no independent Grand Jury-like body to review the evidence and the petition is often the sole 'instrument upon which the [accused] is prosecuted' " (*Matter of Edward B.*, 80 NY2d at 464-465, quoting *People v Alejandro*, 70 NY2d 133, 137 [1987]).

Under the circumstances of this case, we conclude that the attesting officer's execution of the defective affidavit, submitted as the primary support for the institution of this juvenile delinquency proceeding, constituted exceptionally serious misconduct of law enforcement personnel in the presentment of the petition. Such conduct poses a grave risk to the assurances of due process afforded to juveniles by the Family Court Act, and it should not be countenanced (*cf. Matter of Edward B.*, 80 NY2d at 465 n 2).

Moreover, consideration of the other statutory factors does not compel us to overlook these troubling shortcomings. There were no allegations that Steven or either of the two co-respondents caused any harm to any person or property, and the testifying officers repeatedly testified that Steven and the co-respondents were merely standing in the backyard of the

private residence at the conclusion of the students' lunch period. There is nothing in the record which indicates that Steven had any previous or subsequent contact with law enforcement, and there is no indication that he has not complied with the terms of his probation. Accordingly, under the circumstances of this case, we conclude that the petition must be dismissed in the interest of justice (*see* Family Ct Act § 315.2 [1]; *Matter of Cerino P.*, 296 AD2d at 868; *Matter of Deborah C.*, 261 AD2d at 139; *Matter of Chris H.*, 197 AD2d at 689-690; *Matter of Jessie C.*, 164 AD2d at 736; *Matter of Reginald v H.*, 139 AD2d at 581; *see also Matter of Joshua P.*, 270 AD2d at 272).

In light of the foregoing, we need not reach Steven's remaining contentions.

Therefore, the appeal from the fact-finding order is dismissed, as the fact-finding order was superseded by the order of disposition, the order of disposition is reversed, the fact-finding order is vacated, the petition is dismissed, and the matter is remitted to the Family Court, Queens County, for further proceedings pursuant to Family Court Act § 375.1.

MASTRO, A.P.J., DILLON and SGROI, JJ., concur.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as the fact-finding order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,

Ordered that the order of disposition is reversed, on the facts and in the exercise of discretion, without costs or disbursements, the fact-finding order is vacated, the petition is dismissed, and the matter is remitted to the Family Court, Queens County, for further proceedings pursuant to Family Court Act § 375.1.