■ In the Matter of LEIGHTON F., Appellant. [969 NYS2d 514]—

In two juvenile delinquency proceedings pursuant to Family Court Act article 3, Leighton F. appeals from (1) an order of the Family Court, Queens County (Lubow, J.), dated April 20, 2012, which, upon a decision of the same court dated March 27, 2012, made after a hearing, in effect, found that he violated the terms and conditions of probation previously imposed by the same

court in a prior order of disposition dated November 22, 2011, placing him on probation, and (2) an order of the same court dated June 5, 2012, which vacated the order of disposition dated November 22, 2011, and thereupon placed him in the custody of the New York State Office of Children and Family Services.

Ordered that on the Court's own motion, the notice of appeal from the decision dated March 27, 2012, is deemed to be a notice of appeal from the order dated April 20, 2012 (*see* CPLR 5512 [a]); and it is further,

Ordered that the orders are affirmed, without costs or disbursements

After a hearing, the Family Court properly determined that the Presentment Agency established, by a fair preponderance of the evidence (*see* Family Ct Act § 350.3; *Matter of Tristan W.,* 258 AD2d 585 [1999]; *Matter of Julies R.,* 250 AD2d 855, 856 [1998]), that the appellant violated the condition of his probation that he have no new arrests by being arrested on December 21, 2011, and, thereupon, properly vacated the prior order of disposition. The Presentment Agency elicited testimony from the police detective who arrested the appellant which established that the detective had probable cause to arrest the appellant. The Family Court found the detective to be credible and we discern no basis in the record to set aside the Family Court's credibility determination. There is no merit to the appellant's contention that the Presentment Agency failed to meet its burden of establishing the subject violation of probation because the violation of probation petition alleged that the appellant was arrested on December 8, 2011, rather than on December 21, 2011 (*cf. Matter of Steven C.,* 93 AD3d 91, 94 [2012], citing *Matter of Rodney J.,* 83 NY2d 503, 508 [1994]).

The appellant also challenges the Family Court's determination to place him in the custody of the New York State Office of Children and Family Services (hereinafter the OCFS). The Family Court has broad discretion in determining the appropriate disposition in a juvenile delinquency case (*see Matter of Jalen G.,* 104 AD3d 853 [2013]; *Matter of Antoine H.,* 81 AD3d 646 [2011]). Here, the Family Court providently exercised its discretion in placing the appellant in the custody of the OCFS. The disposition was the least restrictive alternative consistent with the best interests of the appellant and the needs of the community in light of, inter alia, the seriousness of the offense and the appellant's previous violation of the terms and conditions of probation (*see* Family Ct Act § 352.2 [2] [a]; *Matter of Jalen G.,* 104 AD3d at 854; *Matter of Ashley P.,* 74 AD3d 1075, 1076 [2010]).

The appellant's contention regarding a prior violation of probation petition is not properly before this Court.

The appellant's remaining contentions are without merit. Balkin, J.P., Leventhal, Sgroi and Miller, JJ., concur.