OPINION OF THE COURT
Joan S. Posner, J.
On February 19, 2013, the presentment agency filed a petition against the respondent (date of birth: June 7, 1997), pursuant to article 3 of the Family Court Act, alleging that he committed acts which, if committed by an adult, would constitute the crimes of attempted assault in the third degree, in violation of Penal Law §§ 110.00, 120.00 (1), a class B misdemeanor, and menacing in the third degree, in violation of Penal Law § 120.15, also a class B misdemeanor. The petition alleges that on October 22, 2012 the respondent attempted to cause physical injury to his mother and other members of his family and menaced them. The agency seeks an adjudication that he is a juvenile delinquent.
At the initial appearance on February 28, 2013, the court (Sammarco, J.)[1] appointed a guardian ad litem, based upon the representation by respondent’s attorney that respondent was diagnosed with autism and did not understand what was occurring. Respondent was released under the supervision of the Probation Department. The court also issued a limited temporary order of protection on behalf of Rebecca P (his mother), Judith M. (his grandmother), Alexis P, Brianna E and Jillian E (his siblings).
In June 2013, respondent’s local school district referred him for an intake interview with the S. School, a residential therapeutic educational institution located in Rockland County. He was accepted and placed there by the school district and has had periodic home visits with his mother, grandmother and siblings since that time.
*956 On August 23, 2013, the agency filed a motion pursuant to Family Court Act § 322.1 (1) for an order directing that respondent be examined by two psychiatrists as defined in CPL 730.10 to determine whether he is an incapacitated person (motion No. 1). The application is based upon his medical and educational records; his diagnosis of autism and “various other problems related to his brain”; and the fact that, at his attorney’s request, a guardian ad litem had been appointed for him.
The guardian ad litem opposes the agency’s motion and filed a motion to dismiss the proceeding in furtherance of justice (Family Ct Act § 315.2). In support of dismissal, she asserts that the agency did not commence this juvenile delinquency proceeding until February 19, 2013, almost four months after the alleged incident; since February 2013 respondent has been receiving necessary services and is doing well at the S. School. She also argues that there is no need for further court intervention. The respondent’s mother has clearly indicated on the record that she does not wish to pursue the juvenile delinquency proceeding and that to do so would be detrimental to him and other family members.
The guardian ad litem argues that the information presented to the court indicates that various professionals have, over many years, recommended that respondent be placed in a residential therapeutic school setting. However, until recently the school district instead had respondent in a BOCES day program. He is now currently in an appropriate therapeutic residential school, where he is thriving. She argues that a consideration of the factors under Family Court Act § 315.2 supports dismissal of the proceeding in the interest of justice.
The agency opposes the motion to dismiss on the grounds that the allegations are serious and asserts that the police responded to nine domestic calls at respondent’s home between December 19, 2009 and January 28, 2013.[2] The agency alleges that respondent has significant mental health needs and requires specialized educational services and mental health treatment. As a result, the agency asserts that if the juvenile delinquency matter proceeded to final disposition the court would have to find that respondent requires supervision, treatment or confinement.
*957 The agency concedes that the complainants are unwilling to cooperate with the prosecution of the juvenile delinquency proceeding but argues that, regardless, they need to be protected. The agency argues that if respondent is discharged from his current educational facility he may reside with the family at some point in the future and could act out aggressively.
The respondent’s attorney did not submit any papers with respect to either motion but repeatedly stated on the record that he supported dismissal of the proceeding in furtherance of justice and that its continuation would serve no useful purpose and result in an injustice.
Pursuant to Family Court Act § 315.2 (1), a court may dismiss a juvenile delinquency petition in the interest of justice at any time if it finds that
“even though there may be no basis for dismissal as a matter of law, such dismissal is required as a matter of judicial discretion by the existence of some compelling further consideration or circumstances clearly demonstrating that a finding of delinquency or continued proceedings would constitute or result in injustice.”
In making such a determination the court must consider the following factors:
“(a) the seriousness and circumstances of the crime;
“(b) the extent of harm caused by the crime;
“(c) any exceptionally serious misconduct of law enforcement personnel in the investigation and arrest of the respondent or in the presentment of the petition;
“(d) the history, character and condition of the respondent;
“(e) the needs and best interest of the respondent;
“(f) the need for protection of the community; and “(g) any other relevant fact indicating that a finding would serve no useful purpose” (Family Ct Act § 315.2 [1]).
At least one of the factors must be readily identifiable and sufficiently compelling to support the dismissal (People v Rickert, 58 NY2d 122, 128 [1983]; Matter of Chris H., 197 AD2d 689 [2d Dept 1993]).
The court takes judicial notice of its own records and file in this matter (see Matter of Khatibi v Weill, 8 AD3d 485 [2d Dept *958 2004]). The medical records and correspondence from respondent’s treating physicians from 2006 reflect that he was diagnosed with Pervasive Developmental Disorder (PDD)/ Autism, ADHD, OCD and static encephalopathy. He was placed on medication to help ameliorate his behavioral symptoms but changes in his school placement caused a deterioration in respondent’s performance on such medications. As early as 2006, respondent’s pediatrician and neurologist recommended that he be placed in an academic setting with smaller classes and summer classes which would allow for a 12-month-per-year treatment period. In his April 14, 2006 correspondence, Dr. Z., respondent’s pediatrician, states that “continued management in a larger class setting will cause prolonged and worsening regressive behavior.” In a letter dated February 13, 2007, the respondent’s neurologist indicated that he was diagnosed with Asperger’s with a rage disorder and that “he is somewhat holding it together on medication at school but by the time he goes home the medication is not working well enough and he becomes extremely violent.” At that time the neurologist recommended that respondent be placed in a residential program where these issues could be addressed. Despite the parents’ repeated efforts to achieve this placement, he was not placed in a residential therapeutic educational facility until the summer of 2013 when he was placed in S. School. This court has received periodic probation reports since his placement there, which have been entered into evidence on consent. The August 2013 report (court exhibit 2) indicates that he is doing well at S. School. Respondent’s mother also reports that he is doing well and the most recent probation report dated November 15, 2013 (court exhibit 3) indicates that he is doing “wonderfully” at the S. School. It further states that the school sees no signs of aggression; he follows the program well and there have been no behavioral issues there. Further, he was home for an overnight visit and he exhibited no aggressive behavior.
Throughout the proceedings, respondent’s mother has repeatedly stated that she does not wish to pursue the juvenile delinquency proceeding as her son is finally receiving appropriate schooling and therapeutic services, is doing well and he has not been aggressive on visits. The plan is for him to remain at the S. School until he reaches the age of 21. There have been no reported incidents during the respondent’s visits home since he started at the S. School.
The court also notes that in July 2013, during the pendency of these proceedings, the family’s home burned down, all their *959 possessions were lost, as well as their pet. This has caused significant stress for the respondent and his family. During the court appearance on August 6, 2013, respondent’s mother expressed that the grandmother, who would be a witness at a trial, is 73 years old, suffers from dementia, has difficulty walking, and has been distraught at the loss of her home and all her possessions. The respondent’s siblings were similarly affected, having lost all of their belongings and their pet in the fire. The mother has stated that in light of the trauma the family members have suffered, having them appear as witnesses and be subjected to questioning by the assistant county attorney would undoubtedly cause respondent’s grandmother and siblings additional anguish.
The probation reports reflect that, while the respondent believed that the mother caused the fire and was upset with her, he chose not to visit with his family for awhile when they were residing in a motel. The visits have gone well since they resumed in October 2013. The court finds this to be a very compelling indication of the respondent’s progress since the alleged incident on October 22, 2012 and an indication of his ability to now control his anger and address his feelings.
Having considered each of the factors set forth in Family Court Act § 315.2, the court finds that dismissal is warranted as a matter of judicial discretion as the circumstances clearly demonstrate that a finding of juvenile delinquency would serve no useful purpose and would result in an injustice.
The court is cognizant that this remedy should be exercised sparingly and only when compelling factors demonstrate that prosecution would be an injustice. The court is not discounting the allegations in the petition but notes that respondent has been charged with class B misdemeanors and no lasting harm or injuries requiring medical attention have been alleged (cf. Matter of Kwane M., 121 AD2d 635 [2d Dept 1986]).
The respondent is 16 years old and has been struggling with mental health issues since age seven. His mother has been struggling to secure the right services for him. Through no fault of his own, it appears that he was not previously receiving the appropriate educational and psychological services necessary for him to be able to manage his mental illness.
The respondent was released under supervision in February 2013 and there have been no incidents since that time (cf. Matter of Carlief V., 121 AD2d 640 [2d Dept 1986]; Matter of Kwane M., 121 AD2d 635 [1986]). The respondent’s needs are being *960 met at the S. School and the plan is for him to remain there until he reaches the age of 21. His best interests warrant his continued placement there, which is the intention of both the local school district and his family. There is no need for further court intervention and an order of supervision is not required for respondent to continue in his current school.
The goal in a juvenile delinquency proceeding is rehabilitation and the protection of the community (see Family Ct Act § 301.1; Matter of Quinton A., 49 NY2d 328, 334-335 [1980]; Matter of Tristan C., 156 Misc 2d 1007 [Fam Ct, Kings County 1993]). “The overriding intent of the juvenile delinquency article is to empower Family Court to intervene and positively impact the lives of troubled young people while protecting the public.” (Matter of Robert J., 2 NY3d 339, 346 [2004].) Here, everything is in place to achieve that goal towards which significant progress has already been made.
While the court is not basing its decision on the wishes of the respondent’s mother, it does recognize that continuing these proceedings in contravention of the alleged victims’ expressed wishes would serve no useful purpose. To the contrary, in light of the fragile condition of the respondent’s grandmother and the family’s catastrophic loss of their home, belongings and pet in a fire, subjecting the alleged victims to the stress of a trial, against their will, causing them more trauma, would be an injustice (Matter of P.C., 10 Misc 3d 1073[A], 2005 NY Slip Op 52232[U] [Fam Ct, Nassau County 2005]). In addition, the respondent is getting the very help his family sought for so long and objectively responding extremely well to that help. It would not be in the best interests of the child to continue this proceeding.
Further, there is no need to continue this proceeding for the protection of the community. There are no allegations that the respondent engaged in criminal conduct outside of his home environment. Since matriculating at S. School all reports about his behavior have been positive. Notably, even in their papers the agency’s only argument is the respondent’s family constitutes “the public” which may need to be protected against him in the future. The court finds this argument unpersuasive in light of the position expressed by the respondent’s mother throughout these proceedings and respondent’s behavior since receiving residential treatment.
Based on the presence of these compelling factors, the court, in the exercise of its judicial discretion, dismisses this juvenile delinquency proceeding in furtherance of justice.
*961 Accordingly, it is hereby, ordered that the motion to dismiss the juvenile delinquency proceeding in the interest of justice (motion No. 2) is granted. In light of the court’s decision, the agency’s motion seeking a competency evaluation (motion No. 1) is denied as moot.

. All further proceedings were before the undersigned, the Family Court Judge assigned to the proceeding.

. The petition filed by the agency on February 19, 2013 does not contain any allegations of incidents occurring prior to or after October 22, 2012. Accordingly, the court will not consider any allegations beyond those contained in the petition. No new or amended petitions have been filed.