Matter of James JJ. (2022 NY Slip Op 03555)

Matter of James JJ.

2022 NY Slip Op 03555

Decided on June 2, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 2, 2022

533143
[*1]In the Matter of James JJ., Alleged to be a Juvenile Delinquent. Warren County Attorney, Appellant, James JJ., Respondent.

Calendar Date:April 18, 2022

Before:Egan Jr., J.P., Colangelo, Ceresia and Fisher, JJ.

Lawrence Elmen, County Attorney, Lake George (Ryan J. Dickey of counsel), for appellant.
Mitchell S. Kessler, Cohoes, attorney for the child.

Ceresia, J.
Appeal from an order of the Family Court of Warren County (Kershko, J.), entered February 16, 2021, which, in a proceeding pursuant to Family Court Act article 3, sua sponte dismissed the petition.
In December 2020, petitioner filed a juvenile delinquency petition alleging that respondent, who was 17 years old, had committed acts which would have constituted assault in the third degree if committed by an adult. An initial appearance was scheduled, but, before it was held, Family Court sua sponte dismissed the petition in the furtherance of justice, prompting this appeal by petitioner.
As an initial matter, we reject petitioner's contention that Family Court lacked authority to dismiss the petition prior to the initial appearance. Family Court Act § 315.2 (1) plainly states that a juvenile delinquency petition may be dismissed in furtherance of justice "at any time." Further, we note that a motion to dismiss in the furtherance of justice is excluded from the list of specified pretrial motions that are to be made after the initial appearance (see Family Ct Act §§ 332.1; 332.2 [1]).
Petitioner's remaining procedural arguments do not warrant extended discussion. To the extent that petitioner argues that it was deprived of an opportunity to be heard prior to the dismissal, the record reflects that Family Court did set a deadline for the parties to file written submissions supporting or opposing dismissal, though it appears that petitioner did not take advantage of this opportunity. Additionally, contrary to petitioner's contention, the court sufficiently complied with its obligation to set forth its reasons for dismissal on the record (see Family Ct Act § 315.2 [2]) by issuing a written decision and order containing its findings.
Nevertheless, we are compelled to reverse Family Court's ruling on the merits. Dismissal in the furtherance of justice is an extraordinary remedy that must be employed "sparingly, that is, only in those rare cases where there is a compelling factor which clearly demonstrates that prosecution . . . would be an injustice" (People v Quadrozzi, 55 AD3d 93, 103 [2008] [internal quotation marks and citations omitted], lv denied 12 NY3d 761 [2009]; accord Matter of Keyon C., 69 Misc 3d 1210[A], 2020 NY Slip Op 51249[U], *2 [Fam Ct, Bronx County 2020]). In determining such a motion, the statutory factors which must be considered, individually and collectively, are as follows: "(a) the seriousness and circumstances of the crime; (b) the extent of harm caused by the crime; (c) any exceptionally serious misconduct of law enforcement personnel in the investigation and arrest of the respondent or in the presentment of the petition; (d) the history, character and condition of the respondent; (e) the needs and best interest of the respondent; (f) the need for protection of the community; and (g) any other relevant fact indicating that a finding would serve no useful purpose" (Family Court Act § 315.2 [1]). "At least one of these [*2]factors must be readily identifiable and sufficiently compelling to support the dismissal" (Matter of Carlief V., 121 AD2d 640, 641 [1986]).
According to the sworn statement of the victim — the mother of respondent's child — respondent became verbally abusive toward her when she got pregnant, and physically abusive after their child was born, including pinching, punching and slapping her, once when she was holding the child. On the date in question, respondent threw a full, eight-ounce baby bottle at the victim, which hit her in the face, when she asked him to feed the child, who was crying. The victim stated that, although she was bleeding heavily, respondent and his father discouraged her from seeking medical attention. When she eventually did go to the hospital the next day, a cut on her face was glued shut by a doctor and she was told to return for X rays after the swelling had abated. The victim indicated that she felt unsafe living with the child in the home of respondent and his father.
In reaching its determination, Family Court placed emphasis on the fact that respondent was only charged with an act that would constitute a misdemeanor if committed by an adult. However, as summarized above, this was nevertheless a violent act, and the victim's allegations reflected "a trend in which [respondent's] propensity towards violence ha[d] escalated" (Matter of Carlief V., 121 AD2d at 641; see Matter of Kwane M., 121 AD2d 635, 636 [1986]). The fact that the victim moved out of respondent's home with the child on the date of the incident not only underscored the seriousness of respondent's alleged conduct, but also belied Family Court's finding that the victim was not in need of protection.
As for Family Court's observation that the District Attorney had not filed any criminal charges against respondent based upon these allegations, it is noted that, under the Raise the Age legislation (see L 2017, ch 59, pt WWW), the District Attorney was not authorized to pursue a misdemeanor charge against respondent in local criminal court. The court also pointed to the fact that respondent had not been offered any "services" by petitioner, but the parties do not dispute that petitioner does not provide services to accused juvenile delinquents.
Given the foregoing, we find that Family Court's dismissal of the petition in furtherance of justice was an improvident exercise of its discretion. The record does not support the court's determination "that a finding of delinquency or continued proceedings would constitute or result in injustice" (Family Ct Act § 315.2 [1]).
Egan Jr., J.P., Colangelo and Fisher, JJ., concur.
ORDERED that the order is reversed, on the facts, without costs, and matter remitted to the Family Court of Warren County for further proceedings not inconsistent with this Court's decision.